## D. W. MARCH ET AL. v. R. B. SPIVY.

Decided December 22, 1910, January 17, 1911.

**1.—Married Woman—Separate Acknowledgment.**

The omission from the certificate of separate acknowledgment by a married woman of a conveyance of her land, under the law in force on September 7, 1857, of her declaration that she "did not wish to retract it," or words of ·equivalent meaning, was fatal to the validity of the deed.

**2.—Same—Payment of Consideration.**

A married woman's conveyance of her separate property, void because of defect in the acknowledgment, was not made effective by proof of payment of the consideration by the purchaser.

**3.—Defective Acknowledgment—Validating Act.**

The Act of April 23, 1907, Laws Thirtieth Legislature, page 308, with respect to defective acknowledgments, did not validate an attempted conveyance of her land by a married woman, made in 1857, and which was void under the law then in force for lack of proper certificate of privy examination and acknowledgment. Holland v. Votaw, 62 Texas Civ. App.,. 91, followed.

**4.—Action for Land—Title—Recovery on Prior Possession.**

The rule which permits the plaintiff, in an action for the recovery of land, to have judgment on proof merely of prior possession, is one of evidence, based on the presumption that the possessor of property is its owner. It does not apply where the plaintiff has shown title in another and failed to show title from such owner to himself.

**5.—Same—Case Stated.**

Plaintiff in an action for the recovery of land showed title thereto from the State to a married woman, and a deed, with payment and delivery of possession, from her to a grantee under whom plaintiff claimed. This deed was held void for want of proper privy examination and acknowledgment. Held, that plaintiff could not, in such state of proof, recover by virtue of prior possession, from a defendant showing no title.

Appeal from the District Court of Rusk County. Tried below before .Hon. W. C. Buford.

*John R. Arnold,* for appellants.

*J. H. Turner, N. B. Morris,* and *H. I. Myers,* for appellee.
Vol. LXIII Civil-29.

WILLSON, CHIEF JUSTICE.—This appeal is from a judgment in favor of appellee against appellants, rendered in a suit brought by the former against the latter to try the title to 209 acres of the J. Durst survey of one league in Rusk County. The survey was patented to Durst. He conveyed it to Alexander Jordan. In a partition made among the heirs of Jordan, the 209 acres were set apart to Emily J. Hensley, his daughter. By a deed dated September 7, 1857, she, joined by her husband, for a valuable consideration paid to them, undertook to convey the 209 acres to C. A. Few. The 209 acres being a part of Mrs. Hensley's separate estate, it is contended that her deed to Few was void, because its execution by her was not proven in the manner the law then in force (Paschal's Laws of Texas, art. 1003) required the deed of a married woman conveying her separate property to be proven. If this contention should be sustained, it will not be necessary to determine other questions presented by the assignments; for that deed constituted an indispensable link in appellee's chain of title, and if it was void, without respect to such other questions, appellee was not entitled to recover the land. The specific ground upon which it is claimed that the deed was void is that it did not appear from the certificate of the officer before whom its execution by Mrs. Hensley purported to have been acknowledged, that, after executing it, she declared she "did not wish to retract it." It has been repeatedly held that such an omission in such a certificate, when not supplied by words of equivalent meaning (Norton v. Davis, 83 Texas, 36; Belcher v. Weaver, 46 Texas, 298, 26 Am. Rep., 267; Masterson v. Harris, 37 Texas Civ. App., 145, 83 S. W., 428), as they were not in the certificate in question, is fatal to the validity of such a deed. Holland v. Votaw, 62 Texas Civ. App., 91, 130 S. W., 884; Veeder v. Gilmer, 103 Texas, 458, 129 S. W., 596; Murphy v. Reynaud, 2 Texas Civ. App., 470, 21 S. W., 991; Estes v. Turner, 30 Texas Civ. App., 365, 70 S. W., 1007; Ruleman v. Pritchett, 56 Texas, 482; Fitzgerald v. Turner, 43 Texas, 84; Burkett v. Scarborough, 59 Texas, 495; Freeman v. Preston, 29 S. W., 495. Appellee's insistence that a different ruling should be made in this case, because it was shown that the purchase price of the land was paid by Few to the Hensleys can not be sustained. The contrary of that insistence is settled law in this State. Berry v. Donley, 26 Texas, 737; Daniel v. Mason, 90 Texas, 244; Fitzgerald v. Turner, 43 Texas, 84; McLaren v. Jones, 89 Texas, 135. Nor can appellee's contention that the Act of April 23, 1907, amending article 2312, Revised Statutes, operated to render valid Mrs. Hensley's deed, be sustained. The contrary of that contention has recently been settled in a well considered case decided by the Court of Civil Appeals of the First District (Holland v. Votaw, *supra*), in which the Supreme Court not only refused a writ of error, but in doing so, as appears from an unofficial report of its action, took occasion to express its approval of the conclusion reached by said Court of Civil Appeals.

The trial court found that the Hensleys "delivered possession of the land to Few," and that appellants did not have a title of any kind to the land. Appellee insists that if effect is given to these findings the

judgment in his favor was warranted, because it appeared that his possession of the land was prior to that of appellants, who were mere trespassers thereon. It has been held that while the possession of the defendant in such an action entitles him to a judgment against the plaintiff, unless the latter shows a *prima facie* title, that he does this when he shows a possession prior "to that under which the defendant claims with a regular chain of title connecting himself with such possession." Keys v. Mason, 44 Texas, 140. The holding is but a recognition of a mere rule of evidence, "founded upon the principle that, since ownership is a usual concomitant of possession, it is a reasonable *prima facie* inference that the possessor of property is the owner of such property." Watkins v. Smith, 91 Texas, 592, 45 S. W., 561. The inference is held to be effectually rebutted by evidence showing that the title was not in the plaintiff, or his vendor, at the time he was in possession, but was in another person. Thus, in Robertson v. Kirby, 25 Texas Civ. App., 472, 61 S. W., 697, where the prior possession of the plaintiff was taken and held under a title claimed to be in one Henry B. Williams, it was held that the presumption of title in plaintiff arising from his prior possession was effectively rebutted by proof that the title was then in another Henry B. Williams. In the case cited the court said: "Suits to recover land by showing prior possession and title out of the State have been treated by our Supreme Court as analogous to those in which proof of superior title under a common source is relied on. In Ferguson v. Ricketts, 93 Texas, 565, 57 S. W., 19, which was of the latter class, it was held that recovery might be defeated by showing that the original grantee, who made a deed to the common source, had made a previous conveyance to another, as that was held to rebut the presumption of title in the common source, though it was not otherwise or conclusively shown that the common source had not acquired this title." Bates v. Bacon, 66 Texas, 348, further illustrates the rule. In that case the plaintiff claimed title as the purchaser at an execution sale of the land as the property of one Russell, the patentee thereof. The patent to Russell was void, and, therefore, at the time the sale under the execution against him was made, he had no title to the land. Afterwards the grant to Russell was validated by an Act of the Legislature, and the plaintiff claimed that his title was thereby perfected. In reversing a judgment in favor of the plaintiff the court said: "The plaintiff's recovery might have been sustained upon the strength of his prior possession if the patent had not been introduced. The patent, in connection with the validating Act, proved an outstanding title. The plaintiff, after showing Russell was the owner, could not recover Russell's land upon proof that he trespassed upon it before the defendant did. The presumption of title arising from proof of prior possession was rebutted by the plaintiff's proof of title in Russell." What was said there applies as strongly here, for appellee proved the title to the 209 acres to be in Mrs. Hensley. He should not have been held to be entitled to recover her land because he proved that he first trespassed on it.

The judgment will be reversed, and a judgment in favor of appellants against appellee will be here rendered.

### ON MOTION FOR A REHEARING.

It is insisted in the motion that "the facts show that Hensley survived his wife and failed to show that she left surviving her any children or other heirs." It is further insisted that it therefore appeared that Hensley by inheritance from his wife had acquired title to the land, and that, as his deed to Few contained covenants of general warranty, the title he so acquired inured to the benefit of his vendee Few; and, hence, that we erred in holding that appellee, having acquired Few's title, had not shown title in himself to the land. The contention evidently is made because of a misapprehension of the record. The court did not find the facts mentioned, nor was he requested to make findings with reference to same. In his brief appellee did not present such a contention, nor did he point out in the record any evidence showing that either Hensley or his wife was dead; if they were dead, when they respectively died; whether Mrs. Hensley, if dead, died testate or not; nor whether she left a child or children surviving her or not; and on examination made of the record in connection with the motion, we have been unable to find any testimony showing anything about these matters.

The motion is overruled.

*Reversed and rendered.*

Writ of error granted. Reversed and judgment of District Court affirmed. Spivy v. March, 105 Texas, 473.