### WILLIAMS v. CHEW. (No. 9296.)

Court of Civil Appeals of Texas.   Galveston.
June 7, 1929.

Rehearing Denied July 11, 1929.

J. R. Hill and P. Harvey, both of Houston, for plaintiff in error.

W. J. Howard and E. T. Chew, both of Houston, for defendant in error.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellee, Chew, against appellant, Richard Williams, and a number of other defendants, none of whom have appealed, to recover title and possession of lot No. 1 in block No. 22 in Castanie addition to the city of Houston.

Plaintiff specially pleaded a record title emanating from J. Castanie by a deed from Castanie to Phillip Lawrence of date 1865, and through a number of mesne conveyances to appellee by sheriff's deeds of date December 17, 1900, and June 13, 1912, and subsequent deeds from the city of Houston and from Anna Beth Towles et al., to appellee of date February 5, 1914, and December 19, 1923, respectively. He further pleaded title by limitation of three, five, and ten years.

The defendant, Williams, appellant here, answered by general demurrer, general denial, and plea of not guilty, and by further averments sought recovery from appellee of the title and possession of the land.

After hearing the evidence, the trial court instructed the jury impaneled to try the case to return a verdict in favor of plaintiff, and, upon return of such verdict, rendered judgment for plaintiff for the title and possession of the property.

Plaintiff introduced in evidence a judgment in favor of the city of Houston against F. F. Chew for $38.50 taxes due for the year 1898 on the property in controversy and two other lots in the Castanie addition and foreclosing the tax lien.

The record shows that an execution was issued on this judgment on February 8, 1900. The return on this execution shows that the amount adjudged against lot 1 was paid, and the execution was returned by the order of plaintiff not further satisfied. He next introduced a sheriff's deed of date December 17, 1900, conveying the property to him. This deed recites that the property was sold under an order of sale issued on the judgment above mentioned after levy and advertisement, as required by law. He also introduced a subsequent tax judgment against the property in a suit brought by the state, and release to him by the city of Houston of tax judgments in its favor against the property.

The uncontradicted evidence shows that plaintiff has had actual exclusive possession of the property, using and enjoying it continuously since his purchase in 1900.

Appellee further showed collection of taxes on the property by the city of Houston from 1877 to the date of the trial, a suit by the state in 1899 for taxes for the years from 1887 to 1897, inclusive, and the payment by appellee of taxes to the state for more than ten years prior to the filing of this suit.

The appellant offered no evidence on the trial, and bases his appeal on the contention that appellee failed to show a title by limitation; there being no evidence that the state had ever parted with its title.

This contention cannot be sustained. It is, as stated by this court in the case of Houston Oil Co. v. Gore, 159 S. W. 927, "settled law that as limitation does not run against the State, and as all land titles emanate from the sovereignty, limitation did not begin to run in appellee's favor until the sovereignty had parted with either the legal title by patent or grant, or the equitable title by location and survey," but no case is cited, nor can any be found, which holds that a plaintiff claiming land by limitation title can only show such title by the introduction in evidence of a patent or other record evidence that the state had parted with its title prior to the time necessary to perfect the plaintiff's claim of title by adverse possession. In the case cited, no patent or other record or direct evidence of any kind showing that the state had parted with its title, prior to the time the possession upon which the claim of title by limitation was based began, was introduced in evidence, and yet this court found from circumstances disclosed by the record, and facts of which the court had judicial notice, that the state had parted with its title before the claimed adverse possession began.

As before stated, the record shows that the lot in controversy is situated within the city of Houston, and that taxes have been assessed and collected thereon by the city and state since 1877; that the state brought suit in 1899 for taxes assessed against the lot for the years from 1877 to 1897, inclusive, and again in 1907 obtained judgment for taxes and foreclosing its tax lien on the lot. We think these undisputed facts required a finding by the court or jury that the state had parted with its title to the lot prior to the adverse possession upon which appellee bases his claim of title by limitation.

In addition to this, the trial court could take judicial notice of the existence of the city of Houston as a municipal corporation for nearly 100 years, and of the surveys or grants of land upon which it is located. Courts may not close their eyes to facts of common knowledge and deny litigants the benefits of such facts, because in the particular case no evidence is introduced to prove these facts. Gulf, C. & S. F. Ry. Co. v. State, 72 Tex. 404, 10 S. W. 81, 1 L. R. A. 849, 13 Am. St. Rep. 815.

The prior possession of appellee, in the absence of any proof of title in appellant, entitled appellee to a judgment for the land, and we are not inclined to agree with appellant that this ground of recovery should be denied appellee because he pleaded title by limitation and a number of conveyances under which he held possession.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.