### DEAN et al. v. GROGAN–COCHRAN LUMBER CO. et al.
### No. 2304.

Court of Civil Appeals of Texas. Beaumont.
Feb. 16, 1933.

Ed. R. Campbell, of Houston, and Foster, Williams & Nicholson, of Conroe, for plaintiffs in error.

Vinson, Elkins, Sweeton & Weems, of Houston, and J. L. Pitts and Crawford & Crawford, all of Conroe, for defendants in error.

WALKER, Chief Justice.

The appeal is by writ of error, but the parties will be referred to as appellants and appellees. The action was in trespass to try title by appellants H. C. Dean, Mrs. Berta Dean, and her minor son, David Boyd Dean, as plaintiffs, to recover from appellees H. Frank Smith, Joe E. Smith, and Mrs. Ada Lee Read and her husband E. D. Read, the title and possession of 300 acres of land in the Robin George survey in Montgomery county, described in the petition by specific metes and bounds, and against appellee Grogan-Cochran Lumber Company, to recover damages for certain timber cut by it upon the land. Appellants also plead the statutes of limitations of three, ten, and twenty-five years. Appellee Grogan-Cochran Lumber Company answered by pleas of general demurrer, general denial, not guilty, limitation of two years, and certain other special pleas not necessary to mention, and by way of cross-action against the other appellees on allegations that it had bought the timber from them by warranty deed, and prayed for recoupment against them for whatever amount appellants might recover against it. The other appellees answered by pleas of general demurrer, general denial, and not guilty. Upon trial to the court without a jury judgment was entered in favor of appellees that appellants take nothing against them, and that they go hence without day, and appellee, Grogan-Cochran Lumber Company, was denied recovery upon its warranty. Conclusions of fact and law were filed in the lower court.

The trial court found against all pleas of limitation, and as these findings are not challenged no further reference will be made to them. Briefly summarized, the facts are as follows: The Robin George survey of land, of which the land in controversy is a part, was patented on the 22d day of July, 1861, to the assignees of Robin George. The patent was introduced in evidence by appellants. They also introduced in evidence, for the purpose of showing common source, a deed dated the 29th day of September, 1883, from Mrs. Elizabeth Hornberger, Miss Henrietta Steussy, Mrs. A. Pressler, and Mat Steussy, executor F. Steussy estate, hereinafter referred to as the Steussys, to H. F. Smith to a tract of land described in the deed as "also 300 acres out of the Robin George Survey along the line of Richards and wife to its northwest corner." As to this deed the parties agreed upon the trial that at the time of its execution the Steussys owned all of the Robin George survey except a tract of sixty-four acres previously conveyed. Appellants also offered in evidence a deed dated July 10, 1888, by Mat Steussy, who purported to act as attorney in fact and trustee for H. F. Smith, joined in the execution by O. W. Arnold, who also purported to act as trustee for H. F. Smith, conveying to H. C. and D. Dean "300 acres out of the west part of the Robin George Survey." The trial court found that this deed was void because of the defect in the description, and because no power was shown in Mat Steussy and O. W. Arnold for its execution, and these conclusions are not attacked by either party. The trial court permitted appellants to offer evidence to locate upon the ground the land described in their petition, and to identify it with the land referred to in the Smith deeds. As to this evidence, the trial court made the following conclusion, which is not attacked: "It is not permissible to resort to the extrinsic evidence introduced to aid the description in said deed. However, I conclude that, if it were permissible to resort to said evidence, it was sufficient to locate, and did locate, the land in controversy as the West 300 acres of the Robin George Sur-

vey in Montgomery County, described substantially as it is in plaintiffs' pleadings."

H. C. and D. Dean died before this suit was instituted. Appellants offered evidence showing that they owned all of the H. C. and D. Dean title to the land in controversy as their heirs and as purchasers under their other heirs. Appellees H. Frank Smith, Joe E. Smith, and Ada Lee Read owned the title of H. F. Smith as his heirs. The trial court found that appellants had prior possession of the land in controversy, which should be construed as a finding that they had actual, peaceable, unabandoned, prior possession up to and immediately prior to their ouster by appellees in June, 1929, when appellee Grogan-Cochran Lumber Company entered upon the land under a warranty deed to it of that date from the other appellees, executed to it upon the consideration of $1,-000, and cut and removed from the land 393,-627 feet of timber, of the market value of $4 per thousand. The trial judge also made the following additional conclusions of fact and law material to this appeal:

"Conclusion of Fact.

"I find as a fact from the evidence introduced that the only prior possession of the plaintiffs, or those under whom they claim, or any other possessions, were under and by virtue of the deed dated July 10, 1888, from Mat Steussy attorney in fact for H. F. Smith and trustee and O. W. Arnold trustee to H. C. and D. Dean."

"Conclusions of Law.

"No. 4: Plaintiffs showed such actual prior possession as would entitle them to a judgment but for the conclusion next to be stated.

"No. 5: I conclude that plaintiffs' actual prior possession cannot be used as a basis for a judgment in their behalf, because of my further conclusion that the deed of July 10, 1888, under which they held such possession is a void instrument."

Opinion.

Appellants make no assignment against the judgment appealed from, except to challenge the conclusion that they were not entitled to judgment upon their prior possession; that is to say, they make no contention that they were entitled to the land sued for, except upon the theory of prior possession.

■ Appellees do not controvert the trial court's fourth conclusion of law to the effect that appellants showed "such actual prior possession as would entitle them to a judgment but for the conclusion next to be stated." It is the law of this state that the plaintiff shows a prima facie title "when * * * he shows * * * a prior possession to that under which the defendant claims with a regular chain of title connecting himself with

such possession." Keys v. Mason, 44 Tex. 142. See, also, Kinney v. Vinson, 32 Tex. 127; Hooper v. Hall, 35 Tex. 83; Duren v. Strong, 53 Tex. 383; Caplen v. Drew, 54 Tex. 495; House v. Reavis, 89 Tex. 626, 35 S. W. 1063; Watkins v. Smith, 91 Tex. 592, 45 S. W. 560; Burroughs v. Farmer (Tex. Civ. App.) 45 S. W. 846; Cook v. Spencer (Tex. Civ. App.) 91 S. W. 813, 814; Teagarden v. Patten, 48 Tex. Civ. App. 571, 107 S. W. 909, 912; Saxton v. Corbett (Tex. Civ. App.) 122 S. W. 75; Adels v. Joseph (Tex. Civ. App.) 148 S. W. 1154; Adels v. Wilson (Tex. Civ. App.) 148 S. W. 1156; Randell v. Robinson (Tex. Civ. App.) 172 S. W. 735; Thomas v. Calahan (Tex. Civ. App.) 229 S. W. 602. The authorities thus cited fully support the proposition announced by Keys v. Mason, supra, but none of these cases turned upon the issue that the prior possession was exclusively under a void deed.

As we understand appellants' brief, they do not controvert the judgment of the trial court, denying them recovery on their theory of prior possession, except upon the proposition that the evidence does not sustain the conclusion that their possession was "only" under the void deed. In their brief and argument they concede the proposition that where it is shown that the only claim of title of the plaintiff is under a void deed, his prior possession is not sufficient to establish a prima facie title. The rule was thus stated by this court in McCarthy v. Houston Oil Co., 221 S. W. 307, 309, expressly approved by the Commission of Appeals in the same case, 245 S. W. 651, and cited with approval by the Commission of Appeals in Buvens v. Brown, 290 S. W. 1086: "Plaintiffs' possession, if any, was under a void deed. This negatived any presumption of title from the showing made by plaintiffs of prior possession. Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967; Lynn v. Burnett, 34 Tex. Civ. App. 335, 79 S. W. 64; Corrigan v. Fitzsimmons [Tex. Civ. App.] 76 S. W. 68. Under these authorities, plaintiffs were not entitled to go to the jury on the issue of prior possession."

See, also, Bates v. Bacon, 66 Tex. 348, 1 S. W. 256; March v. Spivy, 63 Tex. Civ. App. 449, 133 S. W. 529.

■ It thus appears that the controlling issue in this case is whether or not the trial court's conclusion that appellants' only claim to and possession of the land was under the void deed is correct. The following facts and circumstances were in evidence in support of this issue: (a) H. C. and D. Dean received their deed from Smith in 1888. They asserted no claim to the land prior to the date of this deed. They continuously claimed the land and were in possession under this claim from the date of the deed to their death. Appellants, as their heirs, knew of their claim

to and possession of the land, .and in ,claiming it upon the trial of this case referred their claim to the Dean title under the void deed. Though the description in the deed was void, appellants identified the land described in their petition as the land claimed under the void deed. By use of this deed and other deeds executed to and by H. F. Smith, and other facts and circumstances, appellants themselves offered evidence which identified the land sued for in appellants' petition as the land H. C. and D. Dean thought they were buying under the void deed. (b) Complying with the request of appellees that they file an abstract of their claim of title to the land in controversy, appellants filed their abstract, showing that they were claiming the land under the void deed to H. C. and D. Dean, and listed all the deeds referred to above as being in their chain of title, and stated further that they would prove heirship under H. C. and D. Dean; and that they "will also prove actual possession of the land described in plaintiff's original petition by his predecessors in title and their agents, servants, employees and tenants, for a long period of time and that such possession was of such kind and character and of such duration as to perfect title under the limitation laws of the State of Texas." (c) Appellants offered the void deed to prove common source of title with appellees under and through H. F. Smith. (d) D. Dean, under whose heirs appellants claim as purchasers, filed the void deed for record, and after it was recorded received it back from the county clerk and it was in possession of appellants during the trial, and offered by them in evidence. (e) Upon the trial, appellants agreed that at the time the Steussys executed their deed to H. F. Smith, on the 29th day of September, 1883, they owned the title to the land in controversy. (f) There was no affirmative evidence that appellants had any other title or claim to the land.

We cannot escape the conclusion that the facts and circumstances, as we have summarized them, raised the issue that appellants were claiming "only" under the void deed, even if no weight is given to the agreement that the Steussys owned the title to the land in controversy at the time they executed their deed to H. F. Smith. Certainly the evidence was clear that they were claiming under the void deed. Its possession by them, and the fact that D. Dean had it recorded, and the further fact that it was in their chain of title and offered in evidence by them raised the issue that they were claiming under it. Stewart v. Crosby (Tex. Civ. App.) 26 S. W. 138, 141; Brinkley v. Bell, 126 Ga. 480, 55

S. E. 187, 189. The other circumstances raised the issue that they had no other claim except under the void deed. The facts of this case clearly distinguish it from Buvens v. Brown, supra, wherein the Commission of Appeals sustained the claim of prima facie title on the theory of prior possession. In that case, the Commission of Appeals found that no issue was raised against a claim under a title not directly referable to the deed in issue, which the appellants were claiming to be void. The facts in this case clearly raise an issue against the very theory recognized by the Commission of Appeals in that case, as distinguishing it from the McCarthy ·Case, supra.

In what we have just said, we did not consider the agreement of the parties that the Steussys owned the land in controversy on the date of their deed to H. F. Smith, because of the insistence of appellants that this agreement has no place in the record. We have carefully considered their argument on this point, and overrule this contention. The agreement was regularly made during the trial, as part of the trial record, and was never abrogated. It is affirmatively a part of the record. With this agreement before us, the facts of this case are absolutely on all fours with the McCarthy Case, supra. The agreement constituted a complete chain of title in the Steussys, from the original grantees to the date of their deed to H. F. Smith. Appellants then offered the deed from the Steussys to Smith, and from Smith to H. C. and D. Dean, and proved their heirship under the Deans. This chain of title constituted a complete exhibition by appellants of their title from the original grantees into themselves, and excluded, at least as a fact issue, the claim of any other title. This very showing was the basis of our holding in the McCarthy Case. In their efforts to distinguish the McCarthy Case from the facts of this case, appellants advance the following proposition, which fully sustains our conclusion on this issue: "That case, and the state of facts based thereon is clearly different and distinguishable from the case at bar. We will concede that if appellants herein had put in evidence a complete chain of title from the sovereignty to H. F. Smith, and had then put in evidence the deed from Smith, by his alleged attorney-in-fact, which the court held void, then we would say that the two cases would be similar, and the holding of Judge Walker in that case, would apply to this case."

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.