## HUMBLE OIL & REFINING CO. et al. v. WILCOXON et al.

### No. 4461.

Court of Civil Appeals of Texas. Texarkana.

April 4, 1934.

Rehearing Denied April 19, 1934.

R. E. Seagler and Otis Meredith, both of Houston, Futch & Weldon and Jas. Young, all of Henderson, McDonald & Grant, of Longview, and Thompson, Knight, Baker & Harris, of Dallas, for appellants.

Massingill & Belew, of Fort Worth, Sam C. Oliver, of San Marcos, Burch & Woodruff, of Decatur, Donald & Donald, of Bowie, Florey & Wakeman, of Overton, and Jerome P. Kearby, of Tyler, for appellees.

JOHNSON, Chief Justice.

This is an action of trespass to try title to a 17⅛-acre tract of land out of the T. J. Martin headright survey in Rusk county, filed by appellees as plaintiffs, against appellants as defendants, in the district court of Rusk county. The case was tried to a jury. After the plaintiffs and the defendants respectively had completed the introduction of their evidence, each side moved the court for an instructed verdict in its favor. The court granted the motion of plaintiffs; accordingly judgment was entered in favor of plaintiffs and against defendants for the land. Defendants have appealed. We will continue to refer to the parties as styled in the trial court.

Plaintiffs, except those claiming mineral interests under them, are the heirs of John Wilcoxon, deceased. Defendants, except those claiming mineral interests under them, are the heirs of Lawrence Day, deceased. A land certificate was issued to Thomas J. Martin, January 18, 1839. The certificate was regularly transferred by Martin to L. M. Crow, February 19, 1840; by Crow to Ira Ellis, February 29, 1848; by Ellis to George W. Brown, March 1, 1848. There is no transfer of record out of George W. Brown. Plaintiffs claim a transfer of one-half interest in the certificate was made by George W. Brown to S. P. Hollingsworth in 1849, and that this transfer was lost, and the record thereof destroyed when the courthouse of Rusk county was burned March 5, 1878. Patent was issued December 30, 1851, in the name of the original grantee of the certificate, Thomas J. Martin. Plaintiffs introduced the following duly recorded deeds: S. P. Hollingsworth to Henry J. Watkins, February 13, 1856, conveying 165 acres which included the land in controversy; Henry J. Watkins to James Mayfield, November 8, 1856, same 165 acres; James Mayfield to William Harlin, December 30, 1858, same 165 acres; William Harlin to John Wilcoxon, September 30, 1860, conveying the 17⅛ acres in controversy, out of the 165-acre tract. Plaintiffs proved actual possession of the 17⅛-acre tract in themselves prior in point

of time to the possession of defendants. It appears that the land had never been in the actual possession of any one until plaintiffs went into actual possession of it in November, 1931. The defendants had for a great number of years owned and occupied adjoining lands, and there is evidence that they claimed the 17⅓-acre tract and on two or more occasions had cut timber from it, but had not taken actual possession of it until in December, 1931, when they ousted plaintiffs. Plaintiffs introduced circumstantial evidence tending to establish the alleged lost transfer of the land certificate from George W. Brown to S. P. Hollingsworth in 1849.

It is the contention of the defendants that plaintiffs failed to establish their right to recover, and that the court erred in instructing a verdict for plaintiffs, for reasons, in substance, as follows: (1) That the evidence showed an outstanding title in George W. Brown; (2) that plaintiffs failed to prove title out of George W. Brown and into S. P. Hollingsworth; (3) that the evidence offered as to the alleged lost transfer of the certificate from Brown to Hollingsworth did not even raise a fact issue; (4) and that, if such evidence had any probative force, it at most only raised a fact issue which should have been submitted to the jury under appropriate instructions.

In trespass to try title, the rule is well established that plaintiff must recover, if at all, upon the strength of his own, and not upon the weakness of the defendant's title, from which it follows that defendant is entitled to judgment when the facts fail to show prima facie title in plaintiff. The different modes in which plaintiff may establish a prima facie case are stated in Keys v. Mason, 44 Tex. 140, and Watkins v. Smith, 91 Tex. 589, 45 S. W. 560. One of which modes is by showing that plaintiff, or one whose title he holds, has had actual possession of the land prior in point of time to that of the defendant. Keys v. Mason, supra; Watkins v. Smith, supra; Wilson v. Palmer, 18 Tex. 592; Alexander v. Gilliam, 39 Tex. 228; Duren v. Strong, 53 Tex. 379; Lockett v. Glenn (Tex. Sup.) 65 S. W. 482; Mortimer v. Jackson (Tex. Com. App.) 206 S. W. 510; Menefee v. Colley (Tex. Civ. App.) 200 S. W. 182; Thomas v. Calahan (Tex. Civ. App.) 229 S. W. 602; Rio Grande & E. P. Ry. Co. v. Kinkel (Tex. Civ. App.) 158 S. W. 214; Adels v. Wilson (Tex. Civ. App.) 148 S. W. 1156; Williams v. Chew (Tex. Civ. App.) 19 S.W.(2d) 68; Teagarden v. Patten, 48 Tex. Civ. App. 571, 107 S. W. 909; Caplen v. Drew, 54 Tex. 493; Parker v. Ft. Worth & D. C. Ry. Co., 71 Tex. 132, 8 S. W. 541. In its legal effect, proof of prior possession prima facie establishes in plaintiff a fee-simple title, which necessarily includes the presumption that the state has granted title to the land to some one, and that the plaintiff has acquired the title of such third person. House v. Reavis, 89 Tex. 626, 35 S. W. 1063. So, in the present case, plaintiffs' proof of prior possession was prima facie evidence of title in them which included the presumption that plaintiffs had acquired and held the title shown to have been transferred out of the state and mesne conveyances into such third person, George W. Brown. This presumption of ownership is but a rule of evidence and not of property, and may therefore be rebutted, as by evidence in fact showing that plaintiff does not lawfully hold the title of such third person. Bates v. Bacon, 66 Tex. 348, 1 S. W. 256; March v. Spivy, 63 Tex. Civ. App. 449, 133 S. W. 529; Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967; Payton v. Loustalot (Tex. Com. App.) 53 S.W.(2d) 1012; Corrigan v. Fitzsimmons (Tex. Civ. App.) 76 S. W. 68; Richardson v. Houston Oil Co. (Tex. Civ. App.) 176 S. W. 628. But the presumption of ownership arising from plaintiffs' prior possession is not, as contended by defendants, overcome by evidence merely showing a regular chain of title out of the state and into a third person. The evidence must go further and rebut the presumption that plaintiffs have lawfully acquired and hold the title of such third person. House v. Reavis, supra; Watkins v. Smith, supra. Since there was no evidence of a nature rebutting the presumption of ownership arising from plaintiffs' prior possession, the court properly instructed a verdict for plaintiffs. The right of plaintiffs to recover upon proof of their prior possession was not, therefore, dependent upon the sufficiency of their circumstantial evidence in probative force to conclusively, or by a finding of the jury, independently establish their claim of the alleged lost transfer of the land certificate from George W. Brown to S. P. Hollingsworth. It is sufficient that such facts and circumstances were in accord with and tended to support plaintiffs' claim of the alleged lost transfer, therefore corroborated, and did not rebut the existing

presumption that plaintiffs held the George W. Brown title.

We have carefully considered defendants' other assignments, but do not find that any of them present reversible error.

The judgment of the trial court is affirmed.