### BEKEN et al. v. HOFFMAN et al.

No. 11793.

Court of Civil Appeals of Texas. Galveston.

July 18, 1946.

Rehearing Denied Oct. 3, 1946.

Powell, Wirtz, Rauhut & Gideon, of Austin, and Hollis Massey, of Columbus, for appellants.

Miller & Rutta, of Columbus, for appellees.

CODY, Justice.

This is an action in trespass to try title to an undivided seven-eighths of a 50-acre tract of land in Colorado County. The plaintiffs are the heirs of J. F. Beken, Sr., and as such sued for an undivided five-eighths of the tract. The interveners are some of the heirs of Henry Hollingsworth, and as such sued to recover an undivided two-eighths of the tract. The defendants, Ed and Helen Hoffman, are the heirs of Albert Hoffman. The defendants by their answer pled not guilty, and also pled title under the ten year statute of limitations, but said plea of limitation was urged by way of defense, and not by way of cross-action. The plaintiffs and intervenors filed a joint trial amendment wherein they alleged that defendants and their father had acknowledged the title of plaintiffs and intervenors.

In a trial without a jury a take-nothing judgment was rendered against plaintiffs and intervenors, and they have appealed. No conclusions of law law or facts were requested.

The 50-acre tract in dispute is "post oak" pasture land, and not believed to have much value until recent nearby oil activity. The tract in dispute forms a portion of a 222-acre tract out of the Joseph Garwood Survey, which has been enclosed by an outside fence for as long as any of the witnesses could remember— a period of more than forty years. Said 222-acre tract is not cross-fenced. The other portions of the 222-acre tract consist of a 70-acre tract which was conveyed to appellees' grandfather in 1875, and of a 102-acre tract conveyed to their father, Albert Hoffman, in 1883.

The appellant put in evidence the following:

(a) Deed from A. Obenhaus to Mrs. Martha S. Simmons, dated October 13, 1866.

(b) Deed from the said Mrs. Simmons to Henry Hollingsworth, dated December 14, 1869.

(c) Evidence that in virtue of the conveyance to Henry Hollingsworth the tract in dispute became his separate property. That he thereafter married a Mrs. Moore on January 5, 1874. That Henry Hollingsworth died intestate in 1877, and that an undivided half interest in the tract vested in his nephews and nieces, and the other half in his widow. That his widow later married a man named Calhoun, and subsequently married a man named Neal Currie.

(d) That some of the heirs of Henry Hollingsworth in 1914 conveyed an undivided 1/8th to Mrs. Calhoun, the widow of Henry Hollingsworth.

(e) That Mrs. Calhoun, after she became the wife of Neal Currie, joined by him, conveyed her interest in the land in 1920 to J. F. Beken, Sr.

(f) That the appellants, who were plaintiffs below, are the heirs of J. F. Beken, Sr.; that the appellants, who were intervenors below, are some of the heirs of Henry Hollingsworth.

Appellants predicate their appeal upon seven points, the first of which reads: "Appellants proved a common source and thereby overcame the right or claim which appellees are presumed to have by reason of their possession of the premises in dispute."

■ As appears from the evidence of appellants' chain of title set out above, it fails to connect with the sovereignty of the soil. The failure of a plaintiff in trespass to try title to connect his chain of title with the sovereignty of the soil is ordinarily fatal to his recovery. Among the exceptions is the case where he proves that he and the defendant derive their title from a common source. When common source is established no proof has to be made of title back of common source, and all that a plaintiff has to do is to prove that the title which he derives from the common source is superior to the title which the defendant derives from such common source.

Here appellants contend that the evidence established that Henry Hollingsworth was the common source, but if they are mistaken in that, then Mrs. Calhoun was proven to be the common source.

■ The evidence failed to establish that appellees derived any title to the 50-acre tract either under Henry Hollingsworth, or under Mrs. Calhoun. Since neither Henry Hollingsworth nor Mrs. Calhoun were shown to be the source from which appellees derived title, the doctrine of common source has no application.

■ The evidence relied upon by appellants as showing that Henry Hollingsworth was the source of appellees' title to the 50-acre tract is a recitation in a deed from L. T. Wills conveying the 102-acre tract to Albert Hoffman. The title to that tract is not involved here. The recitation in question, in describing the 102-acre tract by metes and bounds, calls for the "N.W. corner of 50 acres sold to W. H. Hollingsworth," and otherwise refers to the Hollingsworth tract in describing the 102-acre tract. If the recitation could be given the effect of an agreement that the Henry Hollingsworth title was a valid one —and the recitation has no such effect—it could not have the effect of establishing Henry Hollingsworth as the source whence appellees' derived title to the 50-acre tract.

■ The evidence relied upon by appellants as establishing Mrs. Calhoun as the common source, is evidence which they

contend was a recognition by Albert Hoffman that Mrs. Calhoun was the owner, or part owner of the 50-acre tract. Whatever force could be attributed to such character of evidence in support of a recovery by appellants on some other theory, it could not possibly tend to prove that Mrs. Calhoun was in appellees' chain of title, or a source from which they derived title. We overrule appellants' first point.

By their second point appellants urge that they established their right of recovery by proving that their possession of the 50 acres antedated any hostile claim of title thereto by appellees.

The only proof that appellants offered that any of their predecessors in title were ever in actual possession of the 50-acre tract is this: Mrs. Calhoun owned a farm located some six miles away, which was worked by tenants. Pursuant to directions given under her authority, the tenants went upon the 50-acre tract and got a load of wood in 1919. To get on the 50-acre tract they let the fence enclosing the entire 222 acres down, and after they got the wood they nailed the fence back up again and left. The evidence was inconclusive that the Hoffmans knew of this.

■ It has been held that proof of prior possession prima facie established in plaintiffs in trespass to try title a fee simple title which necessarily includes the presumption that the State has granted title to someone, and that plaintiff has acquired title of such third person. Humble Oil & Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218, writ refused. Here the appellants did not claim that Mrs. Calhoun ever owned more than a ⅝ths undivided interest in the 50 acres, and the source of that interest was put in evidence by the appellants who were plaintiffs below. Where a party offers proof of the facts upon which he relies, we do not see how he could invoke a presumption which could operate only in the absence of evidence. In any case, in support of the judgment, we assume that the court found that Mrs. Calhoun was never in actual possession of the premises, and he was warranted under the evidence in so finding. We overrule the second point.

■ By their third point appellants assert that appellees and their predecessor (their father) recognized appellants' title, and having remained silent as to any hostile claim when good faith required that they make known such hostile claim, if any they had, they are now estopped to deny appellants' title. We have considered the evidence upon which appellants base their claim that appellees and their father at various times recognized appellants' title, which estops them to deny appellants' title. We think the court was amply warranted, if not required to do so, to hold that no basis for estoppel was established. The appellees and their father held the 50 acres under the same fence with the tracts to which they hold deeds for more than forty years, using same as though it belonged to them. The appellants, at least several of them, resided in the community.

■ On the other hand, we question whether the evidence is sufficient to establish title in appellees by adverse possession. In order to support a take-nothing judgment it was not necessary for appellees, as defendants, to establish title in themselves to the land. The rule in trespass to try title is that a plaintiff must recover on the strength of his title and not on the weakness of the defendant's. Humble Oil & Refining Company v. Wilcoxon, supra. Appellants' fifth, sixth, and seventh points assert the insufficiency of the evidence to establish that appellees acquired title by adverse possession. The court did not decree that appellees recover title and possession from appellants. Appellants' fifth, sixth and seventh points form no predicate for reversing the judgment rendered by the court.

Appellants' fourth point asserts that the description of the land contained in the deeds in their chain of title is not fatally defective. But the fourth point if sustained forms no predicate for reversing the judgment.

■ What we have said necessarily disposes of appellants' contention made in oral argument that appellees by introducing the patent into evidence established that the title to the land was outstanding in the patentee's heirs. Such evidence would

**552**

have made it error for the court to render judgment that appellees recover title and possession from appellants. See Bates v. Bacon, 66 Tex. 348, 1 S.W. 256; Humble Oil & Refining Co. v. Wilcoxon, supra. ·Such evidence established as against a plaintiff in trespass to try title that the title was vested in the patentee's heirs. Had appellees assumed the status of plaintiff, such evidence would have been fatal to their recovery as it was to appellants, who were plaintiffs here.

Judgment must be affirmed, and it is so ordered.