**WRIGHT et al. v. DABBS et al.**

No. 2855.

Court of Civil Appeals of Texas. Waco.

May 5, 1949.

Rehearing Denied June 2, 1949.

682

C. B. Bunkley, Jr., and W. J. Durham, Dallas, for appellants.

Cureton & Cureton, Meridian, for appellees.

HALE, Justice.

This is a suit in trespass to try title. Appellees, Irene Dabbs and husband, instituted the suit on February 10, 1948, against appellants, Vernon Wright and E. R. Wright, seeking to recover 21 acres of land situated in Bosque County, Texas. Appellants answered with a plea of not guilty and further pleas based upon the three, five and ten years statutes of limitation. The case was tried by the court below without a jury and resulted in judgment for appellees.

Although appellants predicate their appeal upon five points of error, we think a correct disposition of the cause in this court turns ultimately upon whether or not the competent evidence adduced in the court below was sufficient to show that the 21 acres in controversy was not included in the deeds of conveyance under which the title of appellants is deraigned. If the evidence was sufficient to show that no part of the 21 acres was so included, then the judgment appealed from should be affirmed; otherwise, the judgment should be reversed. A discussion of the question thus presented requires an extended statement from the record.

It was agreed upon the trial that J. B. Sadler is the common source of title to 545 acres, more or less, which includes all of the land involved in this suit. The evidence shows that the 545 acre tract passed by regular chain of title from the common source through G. W. Sadler to his three children, John K. Sadler, Lula B. Kennar and U. G. Sadler, as joint owners thereof. By three separate deeds, each dated January 23, 1920, the grantees of G. W. Sadler purported to partition the 545 acre tract among themselves, each receiving from the other two a partition deed covering what is recited to be 181⅔ acres as specifically described by metes and bounds in each deed.

The 545 acre tract was described by metes and bounds in each deed from the common source into John K. Sadler, Lula B. Kennar and U. G. Sadler as follows:

"545 acres of land more or less out of the M. Rabajo 11 league grant in the counties of Bosque and McLennan, State of Texas, beginning at a rock mound in Prairie, the

same being the NW corner of a tract sold to H. M. Sadler from which a double elm tree 10 in. in dia. marked X on opposite sides bears N 66½ E 203 varas; also a triple elm marked X on opposite sides bears N 88 E, 185 varas; thence with the north line of the H. M. Sadler tract N 60 E 950 varas to his NE corner a rock mound for SE corner of this; thence N 30 W, 807 varas to rock mound in the N line of said M. Rabajo 11 league grant for N E corner of this: thence with said N line of said Rabajo grant S 62 W 1513 varas to a rock mound for the NW corner of this; thence S 30 E 1360 varas to a rock mound for corner this; thence S 60 W 56 varas to a rock mound for corner being the N E corner of the Everett survey now owned by Wm Goodall; thence with said Everett or Goodall's E line S 30 E 1665 varas to a corner, a PO 14 in. in dia, marked X bears N 55 W 11¼ varas for SW corner of this, which is also the NW corner of the P. Letchers 251½ acre tract; thence N 60 E 869 varas to the center of Panther Creek for corner, the same being the SW corner of the H. M. Sadler tract; thence up said branch about 1250 varas to a corner which is another corner of the H. M. Sadler tract; thence with the S line of said H. M. Sadler tract S 60 W 627 varas to a rock mound another corner of the H. M. Sadler tract; thence with West line of H. M. Sadler tract N 30 W 950 varas to the place of beginning, containing 545 acres more or less."

The 181⅔ acre tract conveyed to John K. Sadler by partition deed dated January 23, 1920, (hereafter referred to as tract No. 1) was therein described as follows:

"All that certain 181-⅔ acres of land out of the M. Rabajo Survey situated in Bosque County, Texas, and described as follows: Beginning at a rock mound, the same being the N W cor. of a tract sold to H. M. Sadler, from which a double elm 12 inches in diameter marked X on opposite sides, bears N 66½ E 203 varas, also a triple elm tree 11 inches in diameter, marked X on opposite sides, bears N 88 E, 185 varas; thence N 60 E 950 varas to said H. M. Sadler's N. E. corner a rock mound for the S. E. corner of this; thence N 30 W 807 varas to the N. E. corner of a 545 acre tract sold to J. B. Sadler in North line of said Rabajo survey for the N. E. corner of this; thence S 62 W 1513 varas to the N. W. corner of said Sadler's 545 acre tract for the N. W. corner of this; thence S 30 E 459 varas to a stake for the S. W. corner of this; thence N 62 E 563 varas to a stake for an ell corner of this; thence S 30 E 378 varas to the place of beginning."

The 181⅔ acre tract conveyed to Lula B. Kennar by partition deed (hereafter referred to as tract No. 2) was therein described as follows:

"All that certain 181-⅔ acres of land out of the M. Rabajo survey situated in Bosque County, Texas, described as follows: Beginning 459 varas S 30 E from the N. W. corner of a 545 acre tract heretofore sold to James B. Sadler for the N. W. corner of this; thence S 30 E 801 varas to a rock mound for corner of this; thence S 60 W 56 varas to H. Everitts Survey now owned by Wm Goodall for a corner of this; thence S 30 E 628 varas to a stake for the S. W. corner of this; thence N 62 E about 1246 varas to the center of Panther Branch for the S. E. corner of this; thence up said branch with its meanders to the South line of a 160 acre tract heretofore sold to Howard M. Sadler for a corner of this; thence S 60 W 627 varas to the S.W. corner of the said Howard M. Sadler's tract for an ell corner of this; thence N 30 W 950 varas passes N.W. corner of H. M. Sadler's tract, 1328 varas to a stake for N.E. corner of this; thence S 62 W 563 varas to the place of beginning."

The 181⅔ acre tract conveyed to U. G. Sadler by partition deed (hereafter referred to as tract No. 3) was therein described as follows:

"All that certain 181-⅔ acres of land out of the M. Rabajo survey situated in Bosque County, Texas, descibed as follows: Beginning at the S.W. corner of a 545 acre tract heretofore sold to James B. Sadler, from which a P. O. marked X bears N 55 W 11¼ varas for the S. W. corner of this, which is also the N.W. corner of P. Lechler's 257½ acre tract; thence N 30 W 1037 varas to a stake for the N. W. corner of this; thence N 62 E about 1246 varas to the center of Panther Branch for the

N.E. corner of this; thence down said branch with its meanders to the SE corner of said J. B. Sadler's 545 acre tract for the S.E. corner of this; thence S 60 W 869 varas to the place of beginning."

By deed dated March 11, 1939, Lula B. Kennar conveyed tract No. 2 to Joe Wright who thereafter conveyed the same tract to appellants. Lula B. Kennar died intestate prior to the institution of this suit, leaving Irene Dabbs as her sole surviving heir at law. U. G. Sadler conveyed tract No. 3 to Lula M. Dennis who thereafter conveyed the same tract to C. A. Lawrence. U. G. Sadler died intestate prior to the institution of this suit, leaving Beatrice Oliver as his sole surviving heir at law. By quitclaim deed dated January 29, 1948, John K. Sadler quit-claimed to Irene Dabbs all of his right, title and interest in and to the 21 acres in controversy (hereafter referred to as tract X) the same being described therein as follows:

"21 acres of land out of the Miguel Rabajo 11 league grant, being a part of the 545 acres conveyed to James B. Sadler by H. E. Conger by deed dated August 21st, 1878, recorded in Book 10, page 255 of the Deed Records of Bosque County, Texas, and further described by field notes as follows: Beginning at a point in the west line of said 545 acre tract, 1037 varas N 30 W from the SW corner thereof (which point is also the NW corner of the 181-⅔ acre tract, deeded by Lula M. Dennis to C. A. Lawrence by deed recorded in Book 139, page 11 of said deed records) for the SW corner of this; thence N 60 E with the north line of said last named tract, 1246 varas to the NE corner thereof in the center of Panther Branch, for the SE corner of this; thence —up Panther Branch with its meanders on a base line of 95 varas to the SE corner of the 181-⅔ acre tract out of the said Rabajo Survey deeded by Lula B. Kennar to Joe Wright by deed recorded in Book 130, page 114 of said deed records for the NE corner of this; thence S 60 W with the south line of said last named tract, 1246 varas to the SW corner of said Joe Wright tract in the west line of the 545 acre tract for the NE corner of this; thence S 30 E 95 varas to the place of beginning."

On November 23, 1948, Beatrice Oliver executed and acknowledged a deed whereby she conveyed to Irene Dabbs all of her right, title and interest in and to tract X as next above descibed by metes and bounds, such desciption being the same as that set forth in the petition of appellees and in the judgment of the trial court.

■■ Where one sues by a formal action in trespass to try title for the recovery of real estate in the possession of another, he must recover, if at all, upon the strength of his own title and not upon the weakness or lack of title of his adversary. Unless the plaintiff in such an action discharges the burden of proof resting upon him to make out a prima facie right of title and possession he is not entitled to any recovery even though the defendant also fails. to show any right of title or possession with respect to the property in controversy. DeRoach et al. v. Clardy, 52 Tex.Civ.App. 233, 113 S.W. 22, pt. 7, er.ref; Humble Oil & Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218, pt. 1, er.ref.; Wixom v. Bowers, Tex.Civ.App., 152 S.W.2d 896, pt. 1, er. ref. w.m. and authorities; Jackson v. Cato, Tex.Civ.App., 156 S.W.2d 302, pts. 7, 8 and 9; Beken et al. v. Hoffman, Tex.Civ.App., 196 S.W.2d 548, pts. 8 and 9, er.ref. n. r. e.

■ In order for appellees to make out a prima facie right of title to any part of tract X under the facts above set forth, the burden rested upon them to show that the entire tract jointly owned by John K. Sadler, Lula B. Kennar and U. G. Sadler contained more than 545 acres or that tract No. 1, 2 or 3 contained less than 181⅔ acres. That was and is necessarily so because of the following considerations: if the entire tract consisted of exactly 545 acres, and if tracts 1, 2 and 3 each consisted of exactly 181⅔ acres, then the entire tract was completely partitioned by the three partition deeds dated January 23, 1920; and if the entire tract emanating from the common source was in fact completely partitioned among its joint owners by the three partition deeds, then tract X never had any existence apart from tract 2 or 3 and Irene Dabbs did not acquire title thereto, either as an heir at law of Lula B. Kennar or as

a grantee in the quit-claim deeds from John K. Sadler and Beatrice Oliver.

In our opinion the competent evidence in this case was wholly insufficient as a matter of law to show that the entire tract emanating from the common source contained 566 acres, or that it contained more than 545 acres, or that tract No. 1, 2 or 3 contained less than 181⅔ acres. From the field notes describing the 545 acres, more or less, it is impossible to determine the exact amount of acreage therein contained. It will be noted that the eighth call in such description is indefinite as to course and distance, the same being up Panther Creek "about 1250 varas to a corner which is another corner etc.", without any description or information as to the meanders of the creek between the two points of call. Each of the other nine calls for distance are also tied to objects of call, some of such objects being natural and others being artificial. No witness testified that he had surveyed the entire tract or that it consisted of more than 545 acres or that he had surveyed tracts 1, 2 or 3 or that any one of these tracts consisted of less than 181⅔ acres.

By platting the several tracts and comparing the field notes in evidence it will be observed that each call for course, distance and object surrounding the entire 545 acres coincides or is in substantial harmony with each corresponding call for course, distance and object surrounding each of the 181⅔ acre tracts with only one exception, viz: the 4th and 5th calls in the description of the entire 545 acres are S 60 E 1360 vrs. to rock mound and thence S 60 W 56 vrs. to Everett survey, whereas the corresponding calls in the description of tracts 1 and 2 are S 60 E 1260 vrs. to rock mound and thence S 60 W 56 vrs. to Everitt survey. We find no substantial conflict between any of these calls in so far as they relate to course or object.

■ The law is settled in this state that where there is a conflict between calls for distance and quantity and calls for objects, natural or artificial, the former must yield to the latter in the absence of extraneous evidence showing a contrary intent. John Hancock Mut. Life Ins. Co. v. Faries, Tex.Civ.App., 112 S.W.2d 500; Wil-

burn v. Abercrombie, Tex.Civ.App., 125 S.W.2d 408, er. ref.; Humble Oil & Refining Co. v. Ellison, 134 Tex. 140, 132 S.W. 2d 395; Bond v. Middleton, 137 Tex. 550, 155 S.W.2d 789; Gilstrap v. Imperator Oil Corp., Tex.Civ.App., 168 S.W.2d 300. Since the discrepancy of 100 varas in the call for distance along the west line of tracts 1 and 2 appears to be in conflict with the various calls for objects, the former should yield to the latter in the absence of proper evidence showing a contrary intention.

There was oral testimony, some of which was admitted over objection, to the effect that a former county surveyor of Bosque County, now deceased, surveyed tracts 1, 2 and 3 in the year 1920 and thereafter stated that there was an over-run between tracts 2 and 3, whereupon the joint owners of the 545 acre tract verbally agreed to give the over-run to Irene Dabbs. The present county surveyor testified that he had recently run the west line of tract No. 2 for the purpose of checking the calls along that line as set forth in the partition deed to Lula B. Kennar and he gave the result of his findings but he testified that he did not survey the entire 545 acres or all of tract No. 1, 2 or 3. There was also verbal testimony relating to various transactions and conversations by and between the parties at interest.

■ However, we do not think the parol evidence as a whole, when considered in connection with all the documentary evidence in the case, was sufficient to form the basis for a legal inference to the effect that tract X was not included in each of the deeds of conveyance under which appellants acquired their title from the common source. In order to arrive at that conclusion it would be necessary, in our opinion, to consider hearsay testimony and to pyramid inferences, one upon another, contrary to well established rules of law. As a general rule hearsay evidence is incompetent and wholly lacking in probative force even though it is admitted without objection. Winn v. Federal Land Bank of Houston, Tex.Civ.App., 164 S.W.2d 864, pt. 3, er. ref. and authorities. Furthermore, while any fact may be established by the proof of prop-

er circumstances, the law does not permit the pyramiding of one assumption upon another because an ultimate fact thus arrived at is too conjectural and speculative to support a judgment. Texas Pacific Coal & Oil Co. v. Wells, Tex.Civ.App., 151 S.W.2d 927, pt. 7, and authorities.

We see no reason why a competent surveyor could not go upon the ground at this time and by making a complete survey of the several tracts ascertain the additional facts necessary to enable the trial court to determine correctly whether there was any over-run left in the 545 acre tract after the joint owners thereof purported to partition the same among themselves in 1920, and, if so, as to where such over-run was and how much land it contained. It appears to us that the ends of justice will be best subserved by affording the parties an opportunity to have such surveys made and to prove the results thereof upon another trial if they see fit to do so.

Therefore, the judgment appealed from will be reversed and the cause remanded to the court below for another trial not inconsistent with the views herein expressed. Reversed and remanded.