ATKINSON v. DAILEY.

No. 6103.

Court of Civil Appeals of Texas. Amarillo.
Feb. 19, 1951.
Rehearing Denied March 26, 1951.

John A. Ford, Dallas, for appellant.

J. Walter Long, Jr., Dallas, for appellee.

LUMPKIN, Justice.

This is an appeal from an action in trespass to try title to two town lots situated in the City of Dallas. The suit was instituted by the appellant, W. F. Atkinson, against the appellee, Mrs. Elizabeth Dailey. The appellee answered the appellant's allegations with a plea of not guilty.

The appellant bases his claim to the lots on a tax judgment rendered by the 68th District Court of Dallas County. The suit, filed on September 26, 1941, was styled State of Texas v. Deep Rock Oil Corporation et al. It sought to foreclose the lien on the unpaid taxes for the years 1931, 1932 and 1934 to 1940 inclusive. Among those named as defendants to the suit were the unknown owners of the Deep Rock Oil Corporation, J. L. Dailey, and Mrs. May Belle Seay, a widow. The appellee was not named as a defendant in this tax suit.

On February 20, 1942, a default judgment was entered against all of the defendants. It recited that the unknown owners of the Deep Rock Oil Corporation and J. L. Dailey had been served with citation by publication. It decreed a foreclosure of the tax lien and ordered the property sold. The appellee, Mrs. Elizabeth Dailey, was not named in the judgment. On May 5, 1942, the Sheriff of Dallas County deeded the lots to Ben F. Fly, one of the appellant's predecessors in title.

It appears that originally these two lots were purchased by J. L. Dailey and his wife, Elizabeth Dailey. On May 8, 1933, Mr. and Mrs. Dailey were divorced but the decree of divorce made no disposition of the community property. On October 24, 1933, Mrs. Dailey conveyed this property by warranty deed to J. E. Seay and wife, Maydell Seay, for a cash consideration and a note for $480, secured by a deed of trust which contained a covenant binding the Seays to pay the taxes. The house on the property burned and the Seays refused to pay the purchase money note and failed to pay the taxes.

Further, it appears that J. L. Dailey for a number of years was engaged in the filling station business in Dallas under the name of Dailey Oil Company. He became indebted to the Deep Rock Oil Corporation, and later the Deep Rock Oil Corporation took a judgment against Dailey for the debt. To secure the payment of this judgment, Dailey, on March 2, 1936, executed a deed of trust covering these two lots and other property to the Deep Rock Oil Corporation.

On December 25, 1941, J. L. Dailey died intestate. As his sole heirs he left one son and two daughters. On January 9, 1942, Joyce Dailey Brown, one of the daughters, was granted letters of administration on the J. L. Dailey estate by the probate court of Dallas County. In her inventory and appraisement Mrs. Brown listed the two lots as part of the assets of the J. L. Dailey estate. The record shows that the estate was fully administered. On January 27, 1942, the sole heirs of J. L. Dailey, deceased, conveyed these two lots to their mother, Mrs. Elizabeth Dailey, by warranty deed which was not recorded. On May 20, 1942, the claim of the Deep Rock Oil Corporation was approved and allowed by the administratrix and the county judge. The Deep Rock Oil Corporation on June 3, 1942, made a quitclaim deed to Mrs. Elizabeth Dailey covering all of the property which had been included in the deed of trust given by J. L. Dailey on March 2, 1936, to secure the payment of the money judgment. This quitclaim was misplaced and not filed for record until

December 29, 1948, nearly seven years after the judgment was entered in the tax foreclosure suit.

The record shows that Ben H. Fly, after securing the lots from the Sheriff of Dallas County, quitclaimed them to Mrs. May Belle Seay, a widow, who, on August 7, 1948, executed a quitclaim to W. F. Atkinson, the appellant. This suit was brought by the appellant to cancel the quitclaim deed filed December 29, 1948, and clear his title to the lots. Trial was before the court without a jury and resulted in a take nothing judgment. The court made no findings of facts or conclusions of law. The appellant excepted to the court's judgment and in due time perfected his appeal to the Court of Civil Appeals at Dallas, whence it was transferred to this court by order of the Supreme Court of Texas.

To support a take nothing judgment, it was unnecessary for the appellee, as defendant, to establish her title to the lots. In trespass to try title cases the rule is that the plaintiff must recover on the strength of his own title and not on the weakness of the title of his opponent. Humble Oil & Refining Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218; Beken v. Hoffman, Tex. Civ.App., 196 S.W.2d 548. In such cases unless the plaintiff discharges the burden of proof resting upon him to make out a prima facie right of title and possession, he is not entitled to recover, even though the defendant has also failed to show any right of title and possession. Wright v. Dabbs, Tex.Civ.App., 220 S.W.2d 681; Prescott v. Williams, Tex.Civ.App., 223 S.W.2d 290.

The appellant introduced in evidence the following:

1. A default judgment entered February 20, 1942, in the 68th District Court of Dallas County against J. L. Dailey, the unknown owners of the Deep Rock Oil Corporation "their legal representatives and/or assigns if living and if deceased their heirs and legal representatives and their heirs and legal representatives and unknown owners and their heirs and legal representatives although having been heretofore duly and legally served with citation by publication failed to appear and answer but made default, and * * * an attorney * * * was appointed to represent and did represent the defendants so cited by publication * * *." The judgment ordered "that an order of sale issue commanding the proper officer to seize, levy upon and advertise for sale" lots 6 and 7.

2. Deed from Deep Rock Oil Corporation to Ben H. Fly, covering Lot 6, by the Sheriff of Dallas County, dated May 5, 1942.

3. Same covering Lot 7, dated May 5, 1942.

4. A quitclaim from the Deep Rock Oil Corporation to Mrs. Elizabeth Dailey, a widow, dated June 3, 1942, and filed for record on December 29, 1948.

5. Quitclaim from Ben H. Fly to May Belle Seay, a widow, covering Lot 6, dated July 28, 1942.

6. Same covering Lot 7, dated July 28, 1942.

7. Deed from May Belle Seay, a widow, and others, covering Lot 6, to W. F. Atkinson, dated March 29, 1949.

8. Same covering Lot 7, dated August 7, 1948.

As can be seen from the chain of title set out above, the appellant has failed to connect his title with the sovereignty of the soil. Ordinarily, such a failure is fatal to recovery, unless the plaintiff proves that he and the defendant derive their title from a common source, and his title, which he derives from the common source, is superior to the title which the defendant derives from the common source. Hovel v. Kaufman, Tex.Com.App., 280 S.W. 185, 188.

The appellant seeks to establish the foreclosure proceeding as a common source of title. He insists that previously the title was vested in the Deep Rock Oil Corporation, that this title was foreclosed in the tax suit and that the Deep Rock Oil Corporation's quitclaim, dated June 3, 1942, conveyed nothing to the appellee. Although he bases his title on the tax foreclosure suit, he has failed to discharge the burden of proving title. The record does not reveal an order of sale; that is, there is no proof that the sheriff had authority to make

a sale under the tax judgment. The absence of the order of sale is fatal to the appellant's title.

 Our courts have held that without proof of his power to sell, a sheriff's or constable's deed must be treated as a nullity. Leland v. Wilson, 34 Tex. 79; Kruegel v. Cobb, 58 Tex.Civ.App. 449, 124 S.W. 723, 727. In the case of Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 942, 84 A.L.R. 319, the Supreme Court said: "Nothing is better settled than that the authority of the sheriff to pass the judgment defendant's title at a sale under foreclosure by decree of court rests upon the decree and the order of sale. It is for this reason that the purchaser must introduce in evidence the decree of foreclosure and the order of sale in order to establish a valid divestiture of title out of the judgment defendant through a judicial foreclosure and sheriff's sale. If the decree and the order of sale fail to authorize such a sale as the sheriff undertook to make, no title passes thereby. Trevino v. Fernandez, 13 Tex. [630] 667; Tudor v. Hodges, 71 Tex. 392, 9 S.W. 443; Rule v. Richards (Tex.Civ.App.) 159 S.W. 386, 389, 390; Id. (Tex.Com.App.) 207 S.W. 912."

 In order to establish his title to the two town lots, the appellant should have introduced in evidence the order of sale as well as the decree of foreclosure. Richards v. Rule, Tex.Com.App., 207 S.W. 912; Watson v. Tamez, Tex.Civ.App., 136 S.W. 2d 645, 646. Since he did not do this, he has failed to discharge the burden of proving a prima facie right of title and possession. The trial court did not err in rendering a take nothing judgment. Beken v. Hoffman, supra.

The appellant has raised points of error not material to the manner in which we have disposed of this appeal. The record does not reveal reversible error. We, therefore, overrule the appellant's points of error and affirm the judgment of the trial court.

 The statement of facts in this case is inconveniently arranged. It contains photostats of the instruments introduced in evidence. These, some thirty in number, are clipped to the back pages of the

statement of facts in such a way as to make them difficult to read. This court has condemned the use of photostats when it is not shown that the original instruments could not be copied in the statement of facts or when it is shown that it was impossible to send the original instruments up for our inspection. There is nothing in this record to show why the rules of procedure governing these matters were not followed. Hodges v. Leach, Tex.Civ.App., 214 S.W.2d 837; Higgins v. Robertson, Tex.Civ.App., 210 S.W.2d 250; Continental Fire & Casualty Ins. Corporation v. Whitlock, Tex.Civ.App., 210 S.W.2d 261; Graves v. Hallmark, Tex.Civ.App., 232 S.W.2d 130.