GEORGE C. PENDLETON ET AL. W. W. SNYDER.

No. 379.

1. **Limitation of Five Years, Facts not Supporting.** — Defendant cut ties on the land for part of a year, and had tents on it for the hands; he then erected a small house and two stock pens on it, put a stock of cattle on the land, and used it as a ranch, but the stock of others ranged upon it; occasionally occupied the house in branding and selling seasons, from one night to two weeks at a time; never occupied for more than four months during any one year; caused it to be occupied for about three months by a man who cut 1500 ties from the land; kept some furniture in the house, and corn in a crib adjoining; kept it locked and the key in his possession during its vacancy; openly and notoriously claimed the land, which was known as his ranch in the county; did not fence it, nor did his home place adjoin it, but it was in another part of the county. *Held,* not to show five years exclusive continuous possession.

2. **Charge on Limitation Held Erroneous.**—" If the jury believe that defendant, under a claim of ownership to the land in controversy, built a house on the land, and had actual possession of said house to the exclusion of all others for a period of five consecutive years next before the filing of this suit, and paid all taxes upon said land for said time, then you are instructed that such possession would entitle the defendant to hold the land by the statute of limitations." *Held,* erroneous, because inapplicable to the facts, continuous possession not being shown.

3. **Limitation—Continuous Possession.**—Occasional use of the house, locking it, and keeping the key when vacant, and use of the land for grazing purposes, is possession of too casual and transitory a character to constitute a

continuous possession of the land. The character of the evidences of possession vary with the use to which the land is put, but must be continuous and unbroken, when, as in this case, the intervals occur not between outgoing and incoming occupants.

APPEAL from Burleson. Tried below before S. G. RAGSDALE, Esq., Special Judge.

A. M. Monteith, W. Y. McFarland, E. G. Banks, and H. G. King, for appellants.—1. The court erred in its general charge in failing to define peaceable possession. Rev. Stats., art. 3195; Kimbro v. Hamilton, 28 Texas, 580; Chandler v. Rushing, 38 Texas, 591; Fitch v. Boyer, 51 Texas, 336.

2. The court erred in giving the special charge asked by defendant. [See opinion.] Word v. Drouthett, 44 Texas, 365; Mosley v. Wither, 26 Texas, 725; Andrews v. Marshall, 26 Texas, 212; Portis v. Hill, 3 Texas, 279; Rev. Stats., art. 3198; Bracken v. Jones, 63 Texas, 181; Cantagrel v. Von Lupin, 58 Texas, 570; Parker v. Burnes, 65 Texas, 605; Richards v. Smith, 67 Texas, 610; Turner v. Mebane, 10 Texas, 246; Wheeler v. Moody, 9 Texas, 372.

3. The verdict of the jury is contrary to the evidence in this, that the defendant failed to prove any actual occupancy by himself, agents, or employes of the premises in controversy, continuing for five years consecutively prior to the institution of this suit.

Breaks in possession: Phillipson v. Flynn, 83 Texas, 584.

Possession and occupancy synonymous: Evans v. Foster, 79 Texas, 51.

Occupancy defined: Whitehead v. Foley, 28 Texas, 285; Mhoon v. Cain, 77 Texas, 307.

Small occupancy held not to put adjoining owners on notice: Blassingame v. Davis, 78 Texas, 595; Tucker v. Smith, 78 Texas, 473.

Acts must give unequivocal notice of exclusive claim: Richards v. Smith, 67 Texas, 610.

Acts not indicating adverse exclusive possession: 58 Texas, 236.

Burden of proof on parties setting up statute: Cunningham v. Frandtzen, 26 Texas, 34; Duggan v. Cole, 2 Texas, 381.

Searcy & Garrett, for appellee.—1. The charge of the court, when considered as a whole, is correct.

2. The verdict of the jury is supported by the evidence, and the court did not err in refusing to grant the appellants a new trial. Sayles' Civ. Stats., art. 3193; Church v. Wagoner, 78 Texas, 200; Parker v. Newberry, 83 Texas, 431; McDow v. Rabb, 56 Texas, 160, 161; Taliaferro v. Butler, 77 Texas, 581; Richards v. Smith, 67 Texas, 610; Ewing v. Burnett, 11 Pet., 50, 52; Tied. on Real Prop., sec. 697.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants sued appellee in trespass to try title to recover the 1153 acres of land in controversy.

The plaintiffs showed a complete title in themselves, and were entitled to judgment, unless the defendant established his defense of five years limitation.

It was conceded that defendant held under duly registered deeds, and had paid all of the taxes, and had asserted an adverse claim to the land for a sufficient time to complete the bar of five years, if the facts showed a continuous possession for that period at any time after the defendant acquired his claim and before the institution of this suit. The question upon which the cause turned below, and upon which its decision depends here, was as to the sufficiency of the possession claimed by the defendant.

The facts showed, that the land was covered with timber, and was suitable for a stock ranch, and was bought by defendant to be used as such; that in the latter part of 1880 and early part of 1881 defendant, in order to prepare it for a ranch, put hands to work upon it cutting railroad ties, and that they erected tents for themselves and their mules, which were occupied by them while they were there, and that they remained on the land, cutting ties, through the early part of 1881. Defendant in the latter part of 1881 caused a house, in size 14 by 14 feet, and two stock pens, near it, to be built upon the land; that he carried a stock of cattle to the premises and turned them loose on the range. The house was intended to be used for ranching purposes, and after it was built, up to the time of trial, it was occasionally occupied by defendant's son and his employes who had the management of the cattle. The defendant and his son both lived in other parts of the county, but in the fall and spring of each year the son would go with employes upon the land for the purpose of marking and branding the cattle, and at other times during the year he would go for the purpose of selling stock. How often these visits would occur is left somewhat indefinite by the evidence, but it appears that during no year was the house occupied more than four months in all, and for some years it must have been occupied for a much less time. The visits would last for from one night to two weeks. There was in the house a stove for cooking and some bedding, and in a crib attached to the side of the house corn was sometimes kept for use while the men were there. The stove and bedding, in the intervals between the trips of defendant's son, were kept in the house; the door was kept locked and the son carried the key. Sometimes, but not always, corn was left in the crib during the absence of the men. When the herders of the stock went to mark and brand or sell the stock, they would occupy the house. The premises were openly and notoriously claimed by defendant, and was known as his ranch. At one time during the five years ties to the number of about 1500 were cut by a party whom defendant authorized to take

them, and he occupied the house for about three months while thus engaged.

The stock belonging to appellee was not confined on this land, but roamed at large, and the stock of other people ranged at will upon these premises, around or upon which there was no enclosure except the small stock pens. These were usually left open, and were used by any one who had occasion to do so.

The court, at the request of the defendant, gave the following instruction:

" If the jury believes from the evidence that the defendant, W. W. Snyder, under a claim of ownership to the land in controversy, built a house upon the land, and had actual possession of said house, to the exclusion of all others, for a period of five consecutive years next before the filing of this suit, and paid all taxes upon said land for said time, then you are instructed that such possession would entitle the defendant to hold the land by the statute of limitations; and if you so believe you will find for the defendant."

This charge was erroneous, under the circumstances, as such use of the house as was shown did not, in our opinion, amount to the continuous and exclusive possession of the land that is required by the statute of limitation. It was not continuously occupied by any one, but most of the time was vacant; unless the fact that household articles and corn were left in it, and that it was locked and the key in the possession of defendant's agent, constituted a continuity of possession. The facts were undisputed, and the jury probably understood the charge to mean that the acts above stated amounted to a possession of the house when no one was occupying it. We can not agree to this opinion. The occasional use of a house upon the land, such as is shown in this instance, does not, in our opinion, constitute a continuous possession of the land any more than would the occasional use of the land itself for herding and grazing stock upon it. Such use is of too casual and transitory a character. The possession of a key to a house is not possession and use of the land. It is true that the character of the evidences of possession vary with the use to which the land is adapted and to which it is put; but such possession must nevertheless, in all cases, be continuous and unbroken. According to the evidence, there was no one upon the land the larger part of each year, the only evidence of its being used when the herders were away being an unoccupied house and some open stock pens. The appearances indicated just such casual and occasional use of the land for the purpose of managing the stock as has often been seen in this State, and which is held not to constitute possession. Andrews v. Marshall, 26 Texas, 212.

It is true that there is ample evidence that defendant constantly asserted an adverse claim to the land, and that the acts shown were done

in the exercise of an assumed ownership; but an adverse claim is not of itself sufficient. There must be also an actual and continuous possession. Richards v. Smith, 67 Texas, 610.

This land was disconnected from the lands of both the defendant and his son, and the use made of it does not fall within the principle of such decisions as McDow v. Rabb, 56 Texas, 160. Nor is it a case where an interval occurs between the going out of one occupant and the coming in of another. It is a case where the claimant uses the land occasionally for a certain purpose, and leaves it unoccupied when not thus used.

The charge referred to was not warranted by the evidence, and the evidence was insufficient to support the verdict.

*Reversed and remanded.*

Delivered December 14, 1893.