## DAVIS et al. v. GEORGE et al.

(Court of Civil Appeals of Texas. April 4, 1911.)

ADVERSE POSSESSION (§ 23*)—WHAT CONSTITUTES—CUTTING TIMBER.

That one cut timber off of land and exercised acts of ownership over it was not a sufficient possession to mature into a title by limitation.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 112, 113; Dec. Dig. § 23.*]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by A. P. George and others against J. O. Davis and others. From the judgment, certain of defendants appeal. Reversed and rendered in part and affirmed in part.

See, also, 134 N. W. 326.

E. P. & Otis K. Hamblen, Burke & Tarver, D. F. Rowe, T. M. Kennerly, J. H. Davenport, and Brockman & Kahn, for appellants. D. R. Pearson and C. R. Wharton, for appellees.

REESE, J. This is an action in trespass to try title by A. P. George and others against J. O. Davis and other defendants to recover a certain tract of land in the suburbs of the city of Houston. The land is described in the petition as two parcels joining each other and has been divided into lots, blocks, and streets by those under whom defendants claim as the McGowan addition to the city of Houston. The defendants are Mary McGowan and those claiming certain of the lots under her. These parties disclaimed, respectively, as to all of the land except that part set up in their respective disclaimers, as to which they pleaded not guilty and the defense of 10 years' limitation. The plaintiffs dismissed as to some of the defendants, and agreed that defendants J. S. and J. Schiver should have judgment for a certain two acres of the land described in the judgment, and that P. W. Kinzie should have judgment for certain lots claimed by him. The case was submitted to a jury, and a verdict returned in favor of P. W. Kinzie for lots 96 and 97, and in favor of J. S. and J. Schiver for the tract aforesaid, and for plaintiffs for the balance of the land sued for. From this judgment defendants, except J. S. and J. Schiver and Kinzie, and certain others whose interests do not appear, have appealed.

The land sued for is a part of a tract of 26 acres conveyed by Philipena Grimmell, surviving widow of Carl Grimmell, to the ancestor of appellees in 1867, being one-half of a tract of about 52 acres for which Carl Grimmell had given a bond for title to appellees' ancestor and Mrs. Douglass in 1866. With the exception of a portion, as to which the court directed a verdict for appellees, the land claimed by appellants lay within the limits of a certain 10-acre tract which had been conveyed by Carl Grimmell to one Joseph Kinkler in 1856, according to the description thereof in the field notes of this latter deed, and it is clear that if this ten acres which had been conveyed to Kinkler previous to the conveyance to Mrs. Ryan, which latter conveyance included the ten acres, is located according to the field notes of the deed from Grimmell to Kinkler, appellees have no title to so much of the land sued for as includes any part of this 10 acres. But it is appellees' contention that it was the intention of both Grimmell and Kinkler to convey 10 acres, beginning at the southeast corner of a certain 14 acres called the Carraher or Grimmell tract, instead of at the northeast corner thereof, as called for in the field notes. This would locate the Kinkler 10 acres south, and entirely outside, of the 26 acres conveyed to Mrs. Ryan, in which case appellees would have a clear title to all of the land sued for unless appellants could show title by limitation.

The court submitted this issue to the jury, as to the intention of Grimmell and Kinkler

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

in the location of this 10 acres, after having heard evidence upon this issue, and refused to submit the issue of limitation. The court charged the jury (1) to find for the plaintiff so much of the land sued for as was not embraced in the Kinkler deed; (2) to find for Schiver and Kinzie as to the two lots and the tract aforesaid, to which it was agreed they had title; (3) if they found that it was the intention of Grimmell and Kinkler that the 10 acres should be located beginning at the northeast corner of the Carraher or Grimmell 14-acre tract, as set out in the field notes of the deed to Kinkler, to find for defendants as to the land embraced in the 10 acres so located, but, if they found that it was such intention that the 10 acres should be laid off beginning at the southeast corner of the Carraher 14-acre tract, and that the call for the northeast corner as the beginning point of the 10 acres was a mistake, to find for plaintiffs for all the land sued for except the two lots and the tract aforesaid. So the decision of the case in the trial court turned upon the construction of the Kinkler deed in the light of evidence introduced to show the mistake alleged and the intention of the parties. The following plat of the land in dispute will serve the purpose of explaining the situation:

varas, to a stake; thence north, 293 varas; thence west to the rim of a gully; thence down said gully to Little White Oak bayou; thence down Little White Oak bayou, with its meanders, to Grimmell's northwest corner; thence east, 408 varas, to the beginning, containing 50 acres. Appellees contended, and introduced evidence to show, not only that the call in the deed from Grimmell to Kinkler to begin at the northeast corner of the 14 acres was a mistake, and was intended for the southeast corner, but that the same mistake occurred in the field notes of the 50 acres last described. If this contention is not true, then the 10 acres, if located as contended by appellees, did not belong to Grimmell at the time he sold to Kinkler, and could not have been a part of the 50 acres sold by Huddleston to Grimmell.

Without going into the details as to the title, as it is unnecessary to a disposition of the questions involved in this appeal, we find that the issue of limitation on the part of appellants was not raised by the evidence; that the plaintiffs have title to all of the land sued for lying north of the north line of the Kinkler 10 acres, as described in the charge of the trial court; that if the Kinkler tract be located according to the field notes in the deed from Grimmell to Kinkler, beginning

In the deed from Grimmell to Kinkler made in 1856 the 10 acres conveyed is thus described: "Ten acres of land about one and one-half miles nearly northwest of the city of Houston, it being a part of the land conveyed by W. Huddleston to John F. Crawford and by Crawford to Carl Grimmell, on February 17, 1855, * * * beginning at the N. E. corner of Carl Grimmell 14 acre survey; thence East 750 varas to a stake; thence North 74½ varas to a stake; thence West 750 varas to a stake; thence South 74½ varas to the beginning." Instead of the deed above referred to being from Huddleston to Crawford, it was in fact from Crawford to Huddleston; but this is immaterial. There was no dispute as to the location of the lines and corners of the 14 acres spoken of indiscriminately in the record as the Carraher and the Grimmell tract. The tract conveyed by Huddleston to Grimmell of which the ten acres is a part is described in the deed to begin at Grimmell's northeast corner former survey of 14 acres (the Grimmell or Carraher tract); thence east, 750

at the northeast corner of the 14 acres, appellees have no title to any of the land embraced in the Kinkler 10 acres, except that by agreement of the parties, as shown in the statement of facts, they have title, and are entitled to recover, lots 91, 90, 87, 86, and the west half of 83 of the McGowan addition, as shown by the recorded map, a copy of which is in the statement of facts. In such case appellants have title, according to their respective deeds, to all lots of the McGowan addition embraced in the Kinkler 10-acre tract as thus located. Finally, we find that the Kinkler 10 acres must be located according to its field notes, beginning at the northeast corner of the 14 acres. As to this last finding, it is to be explained we certified to the Supreme Court the question as to whether the evidence offered by appellees and admitted by the court over the objection of appellants to show the alleged mistake in the location of the 10 acres was admissible for that purpose. In answer to such question, it was held by the Supreme Court that such evidence was inadmissible,

and it follows as we have found above that the Kinkler 10 acres must be located according to the field notes in the deed, beginning at the northeast corner of the 14 acres. This, with the finding that the issue of title by limitation in appellants to that part of the land sued for lying north of the 10 acres was not raised by the evidence, disposes of this appeal. We refer to the opinion of the Supreme Court in answer to the certified question referred to delivered February 15, 1911, in connection with this opinion. The suit is a plain action of trespass to try title.

Passing now to the specific assignments of error, the first three assignments of error complain of the action of the court in admitting evidence to show that it was the intention of the parties to the deed from crimmell to Kinkler to convey 10 acres of land, beginning at the southeast corner of the Carraher or Grimmell 14 acres, and that the call in the deed for the northeast corner was a mistake, and in submitting this issue to the jury, over the objection of appellants. Evidence was admitted which showed that immediately after the execution of this deed Kinkler went into possession of the 10 acres lying east of the 14 acres, and beginning at its southeast corner, and thence running according to the calls in the deed, that this 10 acres, being the lower Kinkler tract shown in the plat, was, sold and conveyed by him by the same description as in the deed from Grimmell to Kinkler, and in the same way and by the same description was sold and conveyed by his vendees and by their vendees, all tending most strongly to show that in fact the 10 acres intended to be conveyed was located east of the southeast corner of the Carraher or Grimmell 14 acres. Having admitted the evidence, the court submitted the issue to the jury, and by their verdict they found in favor of appellees' contention. The question involved in these assignments was certified by this court to the Supreme Court, as aforesaid. In answering the question certified, it was held by the Supreme Court that there was no ambiguity in the field notes of the deed to the 10 acres, and that parol evidence was not admissible to show that the parties intended by the deed to convey a different tract of land than that described. It is not necessary that we do more in this opinion than to refer to the opinion of the Supreme Court (134 S. W. 326), upon which the assignments of error referred to must be sustained.

Appellants requested the trial court to give a special charge presenting the issue of title in the defendants under the statute of limitations of 10 years, which was refused, and the refusal is made the ground of the fourth assignment of error. The charge is predicated upon possession of McGowan, predecessor in title of defendants. McGowan claimed title under Huddleston to a larger tract of land, including the Kinkler 10 acres and also that part of the land sued for lying north of it, all part of the Ryan 26 acres. There was no evidence to show such possession of any part of the land sued for or. of any part of the Ryan tract as was necessary to establish a title by limitation. McGowan's actual possession relied upon did not extend to any part of the land sued for or the Ryan tract. One witness testified that McGowan "was cutting timber off the land and was exercising acts of ownership over it," and this testimony may perhaps refer to this particular land, but, if so, such possession was not sufficient to mature into a title by limitation. Turner v. Moore, 81 Tex. 206, 16 S. W. 929; Fuentes v. McDonald, 85 Tex. 136, 20 S. W. 43; Cook v. Lister, 15 Tex. Civ. App. 31, 38 S. W. 380. The assignment is overruled.

All of the other questions presented by the fifth assignment of error, except that directed to the objection to the remarks of counsel for appellees in his closing argument to the jury, have been disposed of in what has been said in passing upon previous assignments. It is not necessary in the disposition we make of the case to pass upon the objections to the remarks of counsel, which we do not think material.

Our conclusion is that the trial court was correct in directing a verdict for that part of the land sued for lying north of the Kinkler 10 acres, which is fully described in the charge, and included lots 7 to 40, both inclusive, and 45 feet off of the north side of the street running south of those lots, according to the map of the McGowan addition in the record, and the judgment as to this part of the land is affirmed, as is also that part of the judgment in favor of J. S. and J. Schiver for the tract adjudged to them and in favor of P. W. Kinzie for lots 96 and 97 adjudged to him. We find in the statement of facts the following: "Agreement—It is agreed that the plaintiffs should have judgment against all the defendants for lots 91, 90, 87, 86, and the west half of 83 McGowan's addition, according to the plat heretofore referred to." This seems to have been overlooked in the charge of the court and by appellants in their brief, and the judgment of the trial court will be reformed so as to include those lots in appellees' recovery. The case was fully developed as to the controversy about the location of the Kinkler 10 acres, and we see no necessity for remanding the cause for another trial upon this issue. The trial court took the view, as presented in his charge, that if the 10-acre tract is located according to the field notes, beginning at the northeast corner of the 14-acre tract, appellees were not entitled to recover any part of this 10 acres, which view is correct, except as to the lots embraced in the agreement heretofore referred to. Inasmuch as the Kinkler deed must stand upon its field notes, appellees have no title to any of the land embraced

therein (with the exception aforesaid), and as to this the judgment will be reversed and here rendered in favor of appellants, that appellees take nothing as to this part of the land, and appellants go hence without day. Otherwise than as herein adjudged, the judgment of the trial court is affirmed. The costs of this appeal are taxed against appellees. Judgment will be entered in this court accordingly.

Reversed and rendered in part. Affirmed in part.