STUART et al. v.· HARPER.

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1912.)

1. EVIDENCE (§ 318*)—HEARSAY.
. · A recital in a power of attorney executed by the purported heir is not evidence of heirship as against other persons.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

2. TRESPASS TO TRY TITLE (§ 6*)—TITLE TO SUPPORT ACTION.
A plaintiff having possession when ousted by defendant in trespass to try title was entitled to recover as against defendant, a trespasser, though title to some of the land involved was outstanding in another.
[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–9; Dec. Dig. § 6.*]

Error from District Court, Kaufman County; C. M. Smithdeal, Judge.

Action by Y. H. Harper against Dan Stuart and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Huffmaster & Huffmaster, for plaintiffs in error. Ed. R. Bumpass and Wm. P. Dumas, for defendant in error.

RAINEY, C. J. This is an action of trespass to try title and for rents, brought by defendant in error to recover of plaintiffs in error certain blocks of land in the town of Lawrence, Kaufman county, Tex. The plaintiffs in error answered claiming certain lots in blocks 30 and 42, describing them, and disclaiming title to all others. A trial before the court without a jury resulted in a verdict for plaintiff, and defendants appeal.

The court's conclusions of fact are as follows:

"(1) I find that on January 28, 1873, there was patented to Thomas, F. Smith 640 acres of land in Kaufman county by virtue of headright certificate No. 18, issued by the board of land commissioners of Red River county, April 15, 1841, and that the land in controversy in this suit is a part of the 640 acres so patented to Thomas F. Smith.

"(2) That on November 13, 1873 said 640 acres of land was owned by W. Bond Dashiell and F. A. Waters, and that they held the same under and by virtue of a consecutive chain of transfers from the patentee Thomas F. Smith, and that on said date they conveyed said land to John A. Francis, trustee, for John W. Lawrence, John A. Francis, Henry T. Thomas, and Geo. W. Bain, comprising the Texas Colony Association.

"(3) That on November 26, 1873, John W. Lawrence, John A. Francis, Henry T. Thomas, and Geo. W. Bain made and executed articles of association, forming themselves into a company of the name of the Texas Colony Association for the purpose of acquiring and selling a tract or tracts of land in Texas. That John A. Francis was made trustee of said association by said instrument, and it was agreed by the association in said instrument that all the real estate purchased or acquired by the association should be conveyed to John A. Francis and held by him in trust for said association, and that John A. Francis was given the power to lay out and plat into town lots any land of the association and to convey the same to purchasers and to make and deliver contracts, deeds, and conveyances.

"(4) That on June 24, 1875, a suit was filed in the district court of Kaufman county by Geo. W. Bain and John C. Goddard against John A. Francis and John W. Lawrence, in which suit the partnership set up in the articles of association referred to was alleged, and it·was furthered that, pursuant to said agreement contained in the articles of association referred to, the town of Lawrence was laid out, and that John A. Francis had control and management thereof, and that Henry T. Thomas, one of the parties to said articles of association, had conveyed his interest to the plaintiff John C. Goddard, and that by the conveyance the partnership was dissolved, but that John A. Francis continued to hold the property and was disposing of the same under said articles of agreement.

"(5) That in said suit the property belonging to said association, and which includes the property involved in this suit, was partitioned among the parties thereto, and that blocks 30, 31, and 42 were set apart to

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

John W. Lawrence and John A. Francis on October 8, 1875.

"(6) That in June, A. D. 1908, W. Taylor Francis of New York, who was the son and sole heir at law of Anna L. Foat, executed a power of attorney to J. Lawrence to sell and convey any land in the town of Lawrence in Kaufman county which the said W. Taylor Francis owned as a son and sole heir of his deceased mother, Anna L. Foat.

"(7) That Anna L. Foat was the mother of W. Taylor Francis, and the widow and sole heir of John A. Francis hereinabove mentioned.

"(8) That on the 23d day of January, 1909, W. Taylor Francis by and through his attorney in fact, J. Lawrence, executed to the plaintiff, Y. H. Harper, a deed conveying to the plaintiff blocks 30, 31, and 42 in the town of Lawrence, Kaufman county, Tex.

"(9) That on January 23, 1909, Ida E. Lawrence and J. R. Lawrence, of Travis county, executed and delivered to Y. H. Harper a deed conveying to him blocks 30, 31, and 42 in the town of Lawrence, Kaufman county, Tex.

"(10) That J. R. Lawrence, who executed said conveyance to the plaintiff, was the son and sole heir of John W. Lawrence, deceased; John W. Lawrence being a member of said partnership known as the Texas Colony Association.

"(11) That on September 16, 1875, John W. Lawrence executed to John C. Goddard a power of attorney to sell and convey lots 1, 2, and 3 in block 42 of the town of Lawrence, which power of attorney was filed for record November 23, 1875, and recorded in Book T, p. 392, Deed Records of Kaufman County.

"(12) That on April 15, 1876, John C. Goddard, purporting to act under said power of attorney, conveyed to the First Presbyterian Church, lots 1, 2, and 3 in block 42 of the town of Lawrence, which deed of conveyance is of record in Book U, p. 320, of the Deed Records of Kaufman County, Tex.

"(13) That on December 10, 1875, John Burwell, acting as receiver of the Texas Colony Association, executed to the First Presbyterian Church a conveyance of lots 22, 23, and 24 in block 42 of the town of Lawrence, which instrument is of record in Book U., p. 321, Deed Records of Kaufman County, Tex.

"(14) That on December 29, 1910, the First Presbyterian Church executed a deed to the M. E. Church, South, conveying lots 1, 2, and 3 and 22, 23, and 24 in block 40 in the town of Lawrence.

"(15) That the plaintiff, Y. H. Harper, on the 1st day of February, 1909, took possession of the land involved in this suit under the said deeds from Ida E. Lawrence and J. Lawrence and W. Taylor Francis; that on said date the plaintiff was in possession of said land under said deeds and was proceeding to plow the same for the purpose of cultivating it, when the defendants came upon said land and forcibly ejected the plaintiff therefrom, and have since said date held possession thereof. That the plaintiff has been damaged in the sum of $20 on account of the possession of said land having been withheld from him from said date until the trial of this suit."

[1] We adopt the foregoing conclusions of the court, except the sixth paragraph. The only evidence to support this paragraph is the recitation in the power of attorney executed by W. Taylor Francis to J. R. Lawrence authorizing him to convey said lands. Such recitals are not evidence of heirship, as against third parties; this being the only evidence to that effect. Watkins v. Smith, 91 Tex. 590, 45 S. W. 560; Teagarden v. Patton, 48 Tex. Civ. App. 571, 107 S. W. 909.

We further find that plaintiffs in error did not produce any written conveyance to said land to themselves.

Plaintiffs in error rested their case solely on the weakness of the case of defendant in error and outstanding title in the M. E. Church, South, to some of the lots.

[2] Defendant in error was in possession of the land when ousted by plaintiffs in error. Defendant in error having prior possession of the land, he was entitled to recover of plaintiffs in error, they being mere trespassers (Teagarden v. Patton, supra), though there may be an outstanding title in the M. E. Church, South, in some of the lots.

The judgment is affirmed.