MAGNOLIA PETROLEUM COMPANY V. J. T. JONES, ET AL.

No. 7720. Decided December 10, 1941.
(158 S. W., 2d Series, 548.)

*Russell Surles* and *Florence & Florence,* of Gilmer, *W. H. Francis, Walace Hawkins* and *Charles B. Wallace,* all of Dallas, for appellant.

*Edwin M. Fulton* and *W. C. Hancock,* of Gilmer, for appellees.

MR. JUDGE HARVEY, of the Commission of Appeals, delivered the opinion for the Court.

The Court of Civil Appeals, at Texarkana, in which the above cause is pending, has submitted its certificate containing certified questions. The certificate discloses that the case involves an inquiry as to the true location of the west boundary of a 50-acre tract of land conveyed by G. W. Jones and wife to G. L. Jones in the year 1916, by deed executed at that time. The said 50-acre tract is a part of a 120-acre tract which belonged to the grantors. In the deed to G. L. Jones, the tract conveyed is described as follows:

"BEGINNING at the SW cor. of the one hundred and twenty (120) acres tract now owned by G. W. Jones and a part of the W M King Hr Sur. lying about 12 miles SE from Gilmer, Texas, in Upshur County;

"THENCE East with the S L of the King Survey 297 vrs a stone for cor;

"THENCE North 950 vrs to stone for cor. two small pine for pointers;

"THENCE West with the north line of the said G. W. Jones tract 297 vrs to a stone for corner;

"THENCE South with the West line of said G. W. Jones tract 950 vrs to place of beginning and containing (50) Fifty acres of land."

No controversy arises as to the true location, on the ground, of the west boundary of the 120-acre tract. As located on the ground, said boundary slants fifteen minutes west of a due north course. Such location is admitted by all parties.

Preliminary to the execution of the deed to G. L. Jones, a survey of the 50-acre tract was made by one Pardue, a surveyor. It is claimed by the appellees that the northern end of the west boundary of the tract as actually run by Pardue, lies 18.6 varas East of the west boundary of the 120-acre tract— the west boundaries of the two tracts coming to a point at the southwest corner. In support of this claim, parol testimony was introduced to show that Pardue, at the time he ran the west line of the 50-acre tract, marked a number of line trees along the route and that these marked trees still exist and are capable of identification.

The first certified question inquires whether the trial court erred in admitting this parol testimony to identify the place where Pardue actually ran the west line of the 50-acre tract. The second certified question reads: "Does the fourth call in the field notes of said deed establish, as a matter of law, the west line of the fifty acres to run coincident with the west line of the 120-acre tract."

■ As a rule, in determining the location of a boundary of a parcel of land conveyed by a deed, artificial monuments—such as marks on trees and the like—which are not specified in the descriptive calls of the instrument, do not constitute competent evidence of the location of said boundary. The rule, we admit, is not inflexible. This is held in Gill v. Peterson, 126 Texas 216. (86 S. W. (2d) 629). Nevertheless, this court has never relaxed the rule where to do so would render ambiguous any of the descriptive calls contained in the instrument or introduce doubt as to the meaning of such call.

■ In the deed under consideration (the deed from G. W. Jones and wife to G. L. Jones) the parties, in specific terms, provide for the west boundary of the tract conveyed by the instrument to coincide with the west boundary of the parent tract, that is to say, the 120-acre tract. No other meaning is reasonably ascribable to the fourth field note call of the deed, which reads: "Thence south with the west line of the G. W. Jones tract 950 varas to the place of beginning." Carter v. The Texas Co., 126 Texas 388. (87 S. W. (2d) 1079). This being the case, testimony extraneous the deed is incompetent to show that the

west boundary of the 50-acre trace does not coincide with that of the other. The call for the west boundary of the 120-acre tract overrides the call for distance from the northeast corner to the northwest corner of the 50-acre tract.

Both certified questions are answered in the affirmative.

Opinion adopted by the Supreme Court December 10, 1941.

[Note—The opinion of the Court of Civil Appeals in compliance with these answers appears in 158 S. W. (2d) 541. —Reptr.]

