## HART v. ROCHELLE.
### No. 6042.

Court of Civil Appeals of Texas. Texarkana.
Feb. 25, 1943.

Rehearing Denied March 4, 1943.

Wm. V. Brown, of Texarkana, for appellant.

George F. Edwardes, of Texarkana, Ark., for appellee.

WILLIAMS, Justice.

Appellant, Mrs. Lula D. Hart, a feme sole, the defendant below, appeals from a judgment in which appellee, Mrs. Ella Rochelle, a feme sole, the plaintiff below, was awarded title and possession of a 3 acre tract of land sued for. All clouds cast upon title of plaintiff by reason of any adverse claims asserted by defendant were removed.

At the close of the evidence plaintiff and defendant each moved for an instructed verdict. To the action of the court in instructing a verdict for plaintiff and in entering above judgment pursuant thereto, appellant asserts "that the evidence clearly establishes title by limitation" in defendant "to the three acres in controversy"; that "plaintiff failed to make out a case against defendant's plea of limitation"; and, in the alternative, that "the evidence raised an issue of fact for determination by the jury." In view of the attack upon the court's action being confined to the issue of the 10-year statute of limitation, Article 5510, R.C.S. of 1925, our observations will be confined solely to the evidence with respect to the limitation issue and will be viewed in the most favorable light for defendant.

It was stipulated and agreed to by litigants that Mrs. Hart, the defendant, was the common source of title. A deed which purports to have been executed by defendant, dated November 4, 1918, filed for record November 19, 1918, conveyed an undivided one-half interest in a 5 acre tract of land to Graham and Williams. The 5 acres described in the deed covers or includes the 3 acres in controversy. Subsequently, under separate deeds, dated September 23, 1925, Mrs. Hart conveyed to W. T. Williams and one J. H. Pasley the 3 acres in controversy, and the latter two conveyed to Mrs. Hart the remaining two acres in the 5 acre tract. Graham's interest in the 5 acres had passed to Pasley at the time above deeds were executed, and in both it was recited that the two deeds were being executed in partition of the 5 acre tract. The deed to Mrs. Hart was

filed for record January 1, 1937, and the deed purportedly executed by Mrs. Hart in this alleged partition was filed for record August 21, 1930. In 1930 Pasley conveyed his interest in the 3 acre tract to Williams, and in February 1931, Williams conveyed the same to J. F. Rochelle. The latter died testate in 1938, and under his will, duly probated, bequeathed all his estate of every nature to his wife, the plaintiff here. The deed from Pasley to Williams was filed for record December 2, 1930, and the deed from Williams to Rochelle was filed for record September 12, 1936. This suit was filed in 1941. Above record of transfer places title in plaintiff, unless defeated by the 10-year statute of limitation urged by defendant.

According to the Harts, the land is low, crawfishy land, some mounds on it with flats between, and was not fit for cultivation and had never been cultivated by any one. Defendant's daughter testified that her family erected a barbed wire fence around the entire 5 acre tract along in October 1925, or about two weeks after the partition deed of September 23, 1925, had been executed. Her brother said the land was fenced in 1925, and Mrs. Hart, not saying when it was fenced, testified that the 3 acres and the 2 acres were fenced together under a common fence. The fence erected by defendant was clearly visible from a rural road which passed by the tract and could have been seen from the highway which passed the tract at a distance on another side. With the exception of the fence, no improvements were ever placed upon the land by any one. No one ever resided on the tract, the defendant's residence being one-fourth mile away.

In 2 T.J. p. 89, it is stated: "In order to establish title by limitation * * * the claimant must show cultivation, use or enjoyment * * * something in addition to and not included in the naked possession evidenced by the fencing." Niday v. Cochran, 42 Tex.Civ.App. 292, 93 S.W. 1027. "The party occupying the land must in some way appropriate the same to some purpose to which it is adapted." Hardy v. Bumpstead, Tex.Com.App., 41 S. W.2d 226, 227, 76 A.L.R. 1488; 27 T.J. p. 84, Sec. 44.

Defendant does not claim to have cultivated the land at any time. The only use or enjoyment of the land is reflected by the following testimony (Mrs. Hart):

"Q. This three acres of land he got from you, you were in possession of that land on November 4, I believe, 1918? A. I guess so, yes.

"Q. And you were in possession of that land at the time the partition deed was executed September 23, 1925? You were in possession of it then, too, weren't you? A. Yes, sir.

"Q. How often have you been there in the past 10 or 15 years? A. Oh, I was on there a number of times, real often.

"Q. Did you take some timber off that land? A. No, sir, never was much on it, some, just a little bit.

"Q. And you took that some timber off? A. Part of it, yes.

\* \* \* \* \*

"Q. What kind of timber, if any, was on this five acres? A. Never nothing but little scrub pine.

"Q. Did you ever cut any of that off? A. Nothing only just a little for fire wood."

(Bascom Hart) "Q. What use has your mother been putting it to, if any? A. Used it as a pasture.

"Q. Did you ever cut any wood off it? A. Cut a little firewood.

\* \* \* \* \*

"Q. Is it capable of being farmed? A. I would not farm it.

\* \* \* \* \*

"Q. Is it fit for any farming operations, Mr. Hart? A. No sir.

"Q. I will ask you whether or not your mother used it for the only purpose it could be used for? A. That is all I see it is fit for, is what grass it grows."

The foregoing is all the evidence introduced by defendant with respect to the use or enjoyment of the land by her during the period of 1925 until this suit was filed. Assuming that the tract was fit or adaptable only for pasturage purposes, this evidence fails to meet an essential requirement of Article 5510, R.C.S., that is, for a period of ten consecutive years (at least for a substantial part of each year for ten consecutive years) subsequent to 1925 and prior to suit, defendant had pastured the tract. From the evidence it does not sufficiently appear that the use was continuous. "It devolves upon the party relying upon the defense of limitation to prove the existence of the conditions under which the statute operates." Overand v. Manczer, 83 Tex. 122, 18 S. W. 301, 304; 2 T.J. 153 Sec. 80. As stated in 2 T.J. 154, Sec. 81: "The claim of title

by limitation is not sustainable where the evidence fails to show continuous or unbroken possession (use) for the statutory period." Further in recognition of this rule see Shell Oil Co. v. Stone, Tex.Civ.App., 151 S.W.2d 872; Pendleton v. Snyder, 5 Tex.Civ.App. 427, 24 S.W. 363; Raley v. Sullivan & Co., Tex.Civ.App., 159 S.W. 99, 101; Woods v. Hull, 90 Tex. 228, 38 S.W. 165; 2 C.J.S., Adverse Possession, p. 678, § 125.

We pretermit a discussion of other testimony in the record and of the authorities cited by respective litigants as we have assumed (most favorable to defendant) that the tract was fenced after the execution of the alleged partition deed in 1925. If the land had been fenced subsequent to 1918 but prior to the execution of the 1925 deeds, it is thought that the observations made in Scott v. Rodgers, Tex.Com.App., 6 S.W.2d 731, and Pendleton v. Snyder, supra, together with the rules above stated, are applicable.

The judgment of the trial court is affirmed.